**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| HEZESHI BINGYU XINXI KEJI YOUXIAN GONGSI., | Case No. 1:25-cv-04276 |
| Plaintiff, | **Honorable Franklin U. Valderrama** |
| v. | **Magistrate Daniel P. McLaughlin** |
| SHIBUMI SHADE, INC., | |
| Defendants. | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

Plaintiff, HEZESHI BINGYU XINXI KEJI YOUXIAN GONGSI., by counsel, Zhonghao Law Firm, LLP, submits this response to Defendant's motion to Dismiss as follows,

I.   **DEFENDANT'S ESTABLISHED RETAIL PARTNERSHIPS AND SYSTEMATIC SALES ACTIVITIES IN ILLINOIS ESTABLISH PERSONAL JURISDICTION**

"Specific jurisdiction is "case-linked." *Bristol-Myers Squibb Co. v. Super. Ct. of Cal., San Francisco Cnty.*, 582 U.S. 255, 262 (2017) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). "[T]he suit must arise out of or relate to the defendant's contacts with the forum," meaning "there must be 'an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.'" *Id.* (quoting *Goodyear*, 564 U.S. at 919).

Defendant Shibumi maintains substantial contacts with Illinois through its deliberate retail partnerships in this forum. As evidenced by Defendant's website, Shibumi actively directs Illinois consumers to "FIND SHIBUMI IN A RETAILER NEAR YOU!" through its prominent store

locator feature. The website explicitly states "We've partnered with some of the best outdoor retailers and specialty shops in the country" and facilitates Illinois commerce by allowing customers to input their zip code to locate nearby retailers selling Shibumi products. (*See* Exhibit A)

A search for Chicago-area retailers reveals at least two Dick's Sporting Goods locations that partner with Defendant and sell Defendant's products in Illinois: one at "810 E Butterfield Rd, Lombard, IL 60148" (approximately 20 miles from Chicago) and another at "601 N Martingale Rd Ste 195, Schaumburg, IL 60173" (approximately 24 miles from Chicago). *Id.* This established retail network in Illinois demonstrates Defendant's purposeful availment of the privileges of conducting business in this forum, making the exercise of specific jurisdiction appropriate."



"Defendant's business partner's website has clearly indicated that Defendant's goods are actively sold and distributed in Illinois. The Dick's Sporting Goods website shows the 'Shibumi Shade Mini Bundle with Wind Assist' priced at $208.00 being marketed to Illinois consumers. The

product page specifically shows shipping options to zip code 60601 (Chicago), with delivery available between Sunday 8/3 and Tuesday 8/5.

Furthermore, the website offers in-store pickup options, stating 'Ready tomorrow' at 'DICK'S - Middle Village' location, with 'Only 5 left!' in inventory. The site also notes the product is 'available at 14 nearby stores' in the area, demonstrating an extensive retail presence in the Illinois market.

This evidence conclusively establishes that Defendant not only maintains retail partnerships in Illinois but actively facilitates the sale, shipping, and distribution of its products to Illinois consumers through these established channels. The product listing's '242 views in the last 24 hours' further indicates significant Illinois consumer interest and engagement with Defendant's products. These specific commercial activities in Illinois strengthen the basis for exercising specific jurisdiction over Defendant in this forum."



## II.     RULE 4(k)(2) PROVIDES AN ALTERNATIVE BASIS FOR JURISDICTION

Fed. R. Civ. P. 4(k)(2) provides an alternative basis for establishing personal jurisdiction over this foreign Defendant. Under Rule 4(k)(2), federal courts can exercise personal jurisdiction in cases arising under federal law when a defendant's aggregate contacts with the U.S. as a whole are substantial, even without specific jurisdiction in any single state. See Fed. R. Civ. P. 4(k)(2); *Central States, Se. & Sw. Areas Pension Fund v. Reimer*, 230 F.3d 934, 946 (7th Cir. 2000); *ISI Int'l Inc. v. Borden Ladner Gervais llp*, 256 F.3d 548 (7th Cir. 2001); *Hamann GmbH v. The Partnerships, et al.*, No. 21-cv-03591, Dkt. No. 53 (N.D. Ill. Oct. 8, 2021).

Here, Plaintiff's claim arises under federal patent law, and Defendant has not identified any state in which they are subject to general jurisdiction. *See* [17]. Defendant's systematic U.S. targeting – through English listings, U.S. dollar pricing, Amazon's U.S.-facing marketplace, significant sales to U.S. consumers (*see* Exhibit B), and use of a fulfillment network consisting of local retailer in Illinois, and likely across the United States, supports jurisdiction under Rule 4(k)(2).

## III.     PURISDICTIONAL DISCOVERY SHOULD BE PERMITTED IF FURTHER DEVELOPMENT IS NEEDED.

If the Court finds the record lacking on jurisdiction, Plaintiff should be granted leave to conduct targeted jurisdictional discovery into Defendant's relevant U.S. and Illinois contacts and business activities. See *JT's Frames, Inc.*, 16-CV-2504, 2018 WL 835225 at *3 (N.D. Ill. Sept. 2022). The standard to obtain jurisdictional discovery is low – a plaintiff need only make a "colorable" or prima facie showing that jurisdiction might exist, not conclusively prove it at this stage. See *In re Sheehan*, 48 F.4th 513, 526 (7th Cir. 2022).

Plaintiff has already presented substantial evidence demonstrating Defendant's purposeful contacts with Illinois and the United States as a whole. The evidence shows Defendant has established retail partnerships with Dick's Sporting Goods locations throughout Illinois, maintains an active e-commerce presence targeting U.S. consumers, and utilizes shipping and fulfillment services to distribute its products nationwide.

The Dick's Sporting Goods website confirms the availability of Defendant's products for both shipping and in-store pickup in Chicago, with inventory tracking showing significant consumer interest ("242 views in the last 24 hours") and limited remaining stock ("Only 5 left!"). These facts strongly suggest Defendant has deliberately established distribution channels in this forum.

This evidence easily meets the "colorable" standard for jurisdictional discovery. See *JT's Frames, Inc.*, 16-CV-2504, 2018 WL 835225 at *3 (N.D. Ill. Sept. 2022). Limited discovery would allow Plaintiff to further develop the record regarding the full extent of Defendant's retail partnerships in Illinois and throughout the United States, sales volume and revenue derived from Illinois consumers, and Defendant's marketing and distribution agreements with U.S. retailers.

Courts routinely grant jurisdictional discovery in similar circumstances where plaintiffs have made preliminary showings of potential jurisdiction. Denying discovery at this stage would improperly prevent Plaintiff from developing facts essential to the jurisdictional determination, particularly where Defendant exclusively possesses much of this information.

Therefore, if the Court requires additional evidence to resolve the jurisdictional question, Plaintiff respectfully requests the opportunity to conduct targeted discovery on these issues.

## IV.     THE VALUE OF THIS COURT IS PROPER

Contrary to Defendant's assertions, venue is proper in the Northern District of Illinois under multiple provisions of 28 U.S.C. § 1391. Plaintiff meets its burden to establish venue through both the allegations in the Complaint and the substantial evidence now before the Court.

First, venue is proper under § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in this district. Defendant mischaracterizes the legal standard, suggesting that a plaintiff's economic harm alone is insufficient for venue. However, this case involves much more than mere economic injury. Defendant has deliberately directed its business activities toward Illinois through established retail partnerships and distribution channels in this district, as evidenced by the Dick's Sporting Goods locations in Lombard and Schaumburg, Illinois that stock and sell Defendant's products. The Dick's Sporting Goods website confirms active inventory and availability for both shipping and in-store pickup in Chicago, demonstrating that Defendant's products are physically present in this district.

The patent claims at issue directly relate to these products being sold in Illinois. Courts consistently recognize that selling allegedly infringing products in a district constitutes a "substantial part of the events" giving rise to patent claims. The physical presence of the accused products in this district through Defendant's established distribution channels provides a concrete connection between the claims and this forum.

Second, venue is also proper under § 1391(c)(3), which provides that "a defendant not resident in the United States may be sued in any judicial district." While Defendant claims North Carolina residency, to the extent Defendant is a foreign entity or maintains foreign operations, this provision would apply. Defendant bears the burden of proving that § 1391(c)(3) does not apply, which it has failed to do.

The Supreme Court in Atlantic Marine made clear that when determining venue, courts must accept the plaintiff's allegations as true and draw all reasonable inferences in plaintiff's favor. The evidence before this Court—including Defendant's retail partnerships, product sales, and distribution activities in Illinois—establishes proper venue in this district under multiple provisions of § 1391.

## V.     DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S TORTIOUS INTERFERENCE  CLAIM SHAOULD BE DENIED

Defendant claims Plaintiff's Amazon listings were never "suspended," this is a semantic distinction without difference. The Complaint alleges harm from Defendant's initiation of the APEX proceeding itself, which placed Plaintiff's listings in jeopardy and forced Plaintiff to expend significant resources to protect its business interests. The mere threat of suspension constitutes actual harm under relevant precedent.

Defendant's admission that they initiated an APEX proceeding against Plaintiff confirms the fundamental allegation of interference. That the proceeding was terminated due to this lawsuit does not negate the harm already inflicted. In fact, Defendant's characterization of Plaintiff's lawsuit as "improper" confirms their intent to cause Plaintiff's listings to be removed.

Plaintiff has suffered actual damages beyond listing status, including: (1) legal costs in responding to the APEX proceeding; (2) reputational harm with Amazon as a platform partner; (3) diversion of business resources to address the threat; and (4) uncertainty in the marketplace affecting customer relationships. These damages satisfy the harm requirement under Illinois law.

## VI.    DEFENDANT FAIL TO MEET RULE 12(b)(2) STANDARD

When a defendant raises a Rule 12(b)(2) challenge, "the plaintiff bears the burden of demonstrating the existence of jurisdiction." *Curry v. Revolution Lab'ys, LLC*, 949 F.3d 385, 392

(7th Cir. 2020) (citation omitted). If the Court rules on the Rule 12(b)(2) motion without an evidentiary hearing, as it does here, the plaintiff need only establish a prima facie case of personal jurisdiction. *Id.* at 392-93; *N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 491 (7th Cir. 2014). In resolving a Rule 12(b)(2) motion, the Court "accept[s] as true all well-pleaded facts alleged in the complaint," *Felland v. Clifton*, 682 F.3d 665, 672 (7th Cir. 2012), and "reads the complaint liberally with every inference drawn in favor of [the] plaintiff," *GCIU-Emp. Ret. Fund v. Goldfarb Corp.,* 565 F.3d 1018, 1020 n.1 (7th Cir. 2009). The Court "accept[s] as true any facts contained in the defendant's affidavits that remain unrefuted by the plaintiff," *GCIU-Emp. Ret. Fund*, 565 F.3d at 1020 n.1, but resolves "any factual disputes in the [parties'] affidavits in favor of the plaintiff," *Felland*, 682 F.3d at 672.

Defendant has failed to properly apply the Rule 12(b)(2) standard in its motion to dismiss for lack of personal jurisdiction. The Seventh Circuit has established clear guidelines for courts evaluating such motions, as articulated in *Curry v. Revolution Lab'ys, LLC*, 949 F.3d 385, 392 (7th Cir. 2020) and related precedent. Defendant's arguments fundamentally misapply these standards in several critical respects.

First, Defendant ignores that at this preliminary stage, Plaintiff need only establish a prima facie case of personal jurisdiction—not conclusively prove jurisdiction exists. As the Seventh Circuit emphasized in North Grain Marketing, LLC v. Greving, 743 F.3d 487, 491 (7th Cir. 2014), absent an evidentiary hearing, the plaintiff's burden is intentionally light. Defendant erroneously treats this motion as though Plaintiff bears a higher evidentiary burden.

Second, Defendant fails to adhere to the requirement that all well-pleaded facts in the Complaint must be accepted as true. Felland v. Clifton, 682 F.3d 665, 672 (7th Cir. 2012). Instead, Defendant selectively disregards Plaintiff's factual allegations regarding Defendant's Illinois

contacts, including its established retail partnerships with Dick's Sporting Goods locations throughout Illinois and the active sale and distribution of its products in this forum. These well-pleaded facts must be accepted as true at this stage.

Third, Defendant disregards the directive that the Complaint must be "read liberally with every inference drawn in favor of [the] plaintiff." GCIU-Emp. Ret. Fund v. Goldfarb Corp., 565 F.3d 1018, 1020 n.1 (7th Cir. 2009). Rather than drawing reasonable inferences in Plaintiff's favor, Defendant repeatedly draws negative inferences against Plaintiff's jurisdictional allegations. This approach directly contradicts the applicable standard.

Fourth, while Defendant submitted a declaration from its co-founder, Dane Barnes, Plaintiff has now provided substantial evidence that refutes key assertions in that declaration. The Dick's Sporting Goods website conclusively demonstrates that Defendant's products are indeed sold in Illinois, with specific shipping options to Chicago and in-store pickup availability. When factual disputes arise between affidavits, as here, the Court must resolve them in favor of the plaintiff. Felland, 682 F.3d at 672. Defendant inappropriately asks the Court to credit its contradicted declarations over Plaintiff's evidence.

Finally, Defendant's motion fails to address the jurisdictional evidence now in the record. The Court must consider not only the Complaint's allegations but also the additional evidence submitted by Plaintiff showing Defendant's systematic targeting of the Illinois market. This evidence clearly establishes a prima facie case of personal jurisdiction under both specific jurisdiction and Federal Rule 4(k)(2) theories.

For these reasons, Defendant has failed to properly apply the Rule 12(b)(2) standard. When the correct standard is applied—accepting Plaintiff's well-pleaded facts as true, drawing all

reasonable inferences in Plaintiff's favor, and resolving factual disputes in Plaintiff's favor—personal jurisdiction over Defendant is proper in this Court.

**VII.** <u>**CONCLUSION**</u>

WHEREFORE, Plaintiff respectfully request this Court deny the Motion to dismiss this case.

Date: _____08/03/2025_____                           Respectfully submitted,

                                         By: _/s/ *Ruixin Lu*_____.
                                         Ruixin Lu, Esq.
                                         Bar No. 5282058
                                         ray@zhhlaw.com
                                         Zhonghao Law Firm, LLP
                                         260 Madison Avenue, 8th Fl,
                                         New York, NY 10016
                                         Telephone: (631) 268-5788
                                         Facsimile: (919)398-8696

                                         *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certify that a true and correct copy of the above and foregoing document was electronically filed on August 03, 2025 with the Clerk of the Court using the CM/ECF system, which will effect electronic service on all parties and attorneys registered to receive notifications via the CM/ECF system.

/s/ *Ruixin Lu*
Ruixin Lu