# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| HEZESHI BINGYU XINXI KEJI YOUXIAN GONGSI., <br><br> Plaintiff, <br><br> v. <br><br> SHIBUMI SHADE, INC., <br><br> Defendant. | No: 1:25-cv-04276 <br><br> Honorable Franklin U. Valderrama <br><br> Magistrate Judge Daniel P. McLaughlin |

## **DEFENDANT SHIBUMI SHADE, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant Shibumi Shade, Inc. ("Defendant" or "Shibumi") by and through its counsel, hereby replies to Plaintiff Hezeshi Bingyu Keji Youxian Gongsi's ("Plaintiff" or "Hezeshi") Opposition to its Motion to Dismiss the Complaint (Dkt. 24, the "Response").

## I. INTRODUCTION

Plaintiff, a foreign-based seller of goods, again fails to sufficiently allege that its claims against Defendant, a North Carolina-based seller of goods, are appropriately decided in the Northern District of Illinois. First, Plaintiff has not—and cannot—sufficiently allege personal jurisdiction under any of its proffered theories. Plaintiff cannot support a claim for specific jurisdiction over Shibumi because Shibumi's limited contacts with the District do not meet the required "minimum contacts." The only conduct for which Shibumi is responsible—operating a website accessible in Illinois—is widely understood to fall short of the standard. *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 803 (7th Cir. 2014), as corrected (May 12, 2014). The other alleged conduct—sales made by a third-party retailer, shipping by a third-party retailer, a website operated by a third-party retailer, and clicks from consumers—improperly ascribe the behaviors of others to justify the exercise of personal

jurisdiction over Shibumi. *Lexington Ins. Co. v. Hotai Ins. Co., Ltd.*, 938 F.3d 874, 882 (7th Cir. 2019) ("Only a defendant's actions can empower a state to exercise jurisdiction over him.").

Plaintiff's reliance on Rule 4(k)(2) provides no relief from this case's jurisdictional deficiencies. Federal Rule 4(k)(2) applies only when general jurisdiction is inappropriate elsewhere. For a company like Shibumi, a Delaware Corporation with its principal place of business in North Carolina (Dkt. 17-1 ¶ 4), general jurisdiction is appropriate in either location. The record is clear on this fact, and Plaintiff does not dispute it.

Second, Plaintiff cannot meet its burden to show that venue is proper under 35 U.S.C. § 1391. Contrary to Plaintiff's allegations that Shibumi's relationship with a national retailer for an unspecified amount of goods underscores a "substantial part of the events" in this case (Dkt. 24 at 6), courts have long recognized that a non-resident's retail business in a single state is inadequate to establish venue in that state. *Sassy, Inc. v. Baby Care, Inc.*, No. 88 C 4223, 1988 WL 105326, at *1–3 (N.D. Ill. Sept. 30, 1988). Shibumi is a resident of North Carolina, not Illinois. *See* Dkt. 17-1 ¶ 4. The Northern District of Illinois is not "where a substantial part of events or omissions giving rise to the claim occurred." 35 U.S.C. § 1391(b)(2). Nor is Shibumi a non-U.S. entity—another undisputed fact—making venue improper under Section 1391(c)(3).

Finally, Plaintiff has failed to allege any legally applicable facts to dispute that its claim for tortious interference is insufficient. Plaintiff alleges in both its Complaint and Response only speculative harms based on the disingenuous position that its sales have been disrupted and suspended. Dkt. 1 ¶¶ 1, 6, 38, 41; Dkt. 24 at 7. But Plaintiff's listings were never suspended—and remain on Amazon to this day—so it has not, and cannot, show that it suffered actual damages, a required element for a tortious interference claim. *Celex Grp., Inc. v. Exec. Gallery, Inc.*, 877 F. Supp. 1114, 1126 (N.D. Ill. 1995). Because its alleged harms are speculative and at times factually

impossible, Plaintiff's claim for tortious interference is deficient on its face.

## II. ARGUMENT

### A. Plaintiff Cannot Meet Its Burden to Establish Personal Jurisdiction

Contrary to Plaintiff's suggestions (Dkt. 24 at 8–9), Plaintiff in fact bears the burden of proving personal jurisdiction. *Purdue Rsch. Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003); *NBA Props., Inc. v. HANWJH*, 46 F.4th 614, 620 (7th Cir. 2022). While Plaintiff did not need to include facts alleging personal jurisdiction in its Complaint (Dkt. 1), once Shibumi moved to dismiss under Federal Rule 12(b)(2) for lack of personal jurisdiction (Dkt. 16), the burden moved to Plaintiff to demonstrate the existence of jurisdiction. *Curry v. Revolution Lab'ys, LLC*, 949 F.3d 385, 392–93 (7th Cir. 2020). Further, when affidavits regarding the issue of personal jurisdiction are submitted, as here (*see* Dkt. 17-1), the Court may weigh the affidavits. In so doing, the Court first entitles the plaintiff to "the resolution in its favor of all disputes concerning relevant facts presented in the record." *Curry*, 949 F.3d at 393 (quoting *Purdue Rsch.*, 338 F.3d at 782). However, the Court will "accept as true any facts in the *defendants'* affidavits that do not conflict with anything in the record." *Curry*, 949 F.3d at 393 (emphasis added).

Plaintiff inappropriately relies on partial statements from case law to support its position that the standard for justifying the exercise of personal jurisdiction over Shibumi is low and unilaterally determined. Plaintiff cites to *GCIU-Employer Retirement Fund v. Goldfarb Corp.* for the position that its Complaint must be "read liberally with every inference drawn in favor of [the] plaintiff." Dkt. 24 at 9 (citing 565 F.3d 1018, 1020 n.1 (7th Cir. 2009)). Plaintiff ignores the second half of the footnote, which reads in full: "In reciting the facts, we read the complaint liberally with every inference drawn in favor of plaintiff and resolve all factual disputes in favor of plaintiff. ***However, we accept as true any facts contained in the defendant's affidavits that remain unrefuted by the plaintiff***." *GCIU-Emp. Ret. Fund*, 565 F.3d at 1020 n.1 (citing *First Nat'l Bank*

3

*v. El Camino Res., Ltd.*, 447 F.Supp.2d 902, 905 (N.D. Ill. 2006)) (other internal citations omitted) (emphasis added).

Nothing in Plaintiff's Response refutes any of the factual statements made in Shibumi's Brief in Support of its Motion to Dismiss (Dkt. 17) or Mr. Barnes' accompanying affidavit (Dkt. 17-1). Even if *all* facts were taken as true in the Plaintiff's favor, these alleged facts remain insufficient to justify the exercise of personal jurisdiction over Shibumi. Indeed, Plaintiff has not—and cannot—sufficiently allege personal jurisdiction under any of its proffered theories.

### 1. The facts Plaintiff identifies do not support this Court's exercise of personal jurisdiction over Shibumi.

Plaintiff concedes—as it must—there is no general personal jurisdiction over Shibumi in this district. *See* Dkt. 1 ¶ 8. Critically, though, the only facts Plaintiff points to in support of specific jurisdiction are legally insufficient. First, Plaintiff claims the locator feature on Shibumi's website evidences "substantial contacts with Illinois" "by allowing customers to input their zip code to locate nearby retailers selling Shibumi products." Dkt. 24 at 1–2. However, the law is clear that interactive websites available to residents of a forum state do not meet the "minimum contacts" standard for specific jurisdiction. *Advanced Tactical Ordnance Sys., LLC*, 751 F.3d at 803 ("[T]he operation of an interactive website does not show that the defendant has formed a contact with the forum state. And, without the defendant's creating a sufficient connection (or 'minimum contacts') with the forum state itself, personal jurisdiction is not proper.") (emphasis omitted).

Second, Plaintiff alleges that Shibumi's relationship with a third-party retailer (Dick's Sporting Goods, herein referred to as "Dick's") confers specific jurisdiction on Shibumi. Dkt. 24 at 8–9. This is wrong. "[A] defendant's relationship with a . . . third party, standing alone, is an insufficient basis for jurisdiction." *Walden v. Fiore*, 571 U.S. 277, 286 (2014). None of Plaintiff's proffered details about the relationship lend needed support. Rather, each time Plaintiff points to

*Dick's* actions, not Shibumi's, for the "specific commercial activities in Illinois [that] strengthen the basis for exercising specific jurisdiction . . . in this forum." Dkt. 24 at 3. For example, it is Dick's website that shows the "Shibumi Shade Mini Bundle" for sale. *Id*. at 2–3. It is Dick's website that shows shipping and delivery options to Chicago. *Id*. And it is Dick's website that offers in-store pickup. *Id*. at 3.

Plaintiff is likewise wrong to point to consumer behavior for specific jurisdiction. "Only a defendant's actions can empower a state to exercise jurisdiction over him." *Lexington Ins.*, 938 F.3d at 882. In addition, Plaintiff is flatly wrong to suggest that the "product listing's '242 views in the last 24 hours'" is indicative of "significant Illinois consumer interest and engagement with Defendant's products." Dkt. 24 at 3. Even if consumer interest within a forum were legally cognizable to establish jurisdiction—it is not, *see Lexington Ins.*, 938 F.3d at 882—nothing establishes that these "242 views" came exclusively from Illinois consumers.

Nor does Shibumi's alleged "active[] facilitat[ion] . . . of its products to Illinois consumers" establish jurisdiction through a stream of commerce theory. Dkt. 24 at 3. Put simply, Plaintiff claims that Shibumi purposefully targeted consumers in Illinois by using its retail partner to make sales to Illinois residents. This position lacks factual and legal support. In the Seventh Circuit, the "stream of commerce theory" may, under certain circumstances, support the "purposeful availment" prong required to justify the exercise of specific personal jurisdiction. *Richter v. LG Chem, Ltd.*, No. 18-CV-50360, 2020 WL 5878017, at *4 (N.D. Ill. Oct. 2, 2020) (citing *Felland v. Clifton*, 682 F.3d 665, 673 (7th Cir. 2012)). The theory "posits that personal jurisdiction may be appropriate over 'a corporation that delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum State.'" *Id*. (citing *J.S.T. Corp. v. Foxconn Interconnect Tech. Ltd.*, 965 F.3d 571, 575 (7th Cir. 2020)). The requirement is not

satisfied, however, where—as here—products arrive in the forum State by "the unilateral activity of another party." *Id*. (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, (1985)). If any of Shibumi's products are in Dick's Illinois locations, they arrived there by Dick's actions alone. Pursuant to the commercial terms of the agreement between Dick's and Shibumi, Dick's purchases product from Shibumi and then sends those products to one of its five warehouses located across the United States (none being in Illinois). Declaration of Jeff Schwaninger[1] ("Schwaninger Decl."), at ¶ 3, 5. From there, Dick's—and Dick's alone—determines which of its brick-and-mortar locations will carry the products. *Id*. Shibumi has no control over where the products ultimately end up. *Id*. This is also the case with any Shibumi products stored, distributed, and sold by Amazon. Dkt. 17-1 ¶ 7 (Declaration of Mr. Barnes, co-founder of Shibumi). Nothing in Plaintiff's Response refutes any of the factual statements by Mr. Schwaninger or by Mr. Barnes in their declarations. Plaintiff's refusal to recognize that the acts it points to are carried out by an entirely separate entity undermines its position. In this country, we respect the corporate identity and here, Shibumi has taken no acts directed to Illinois.

        **2.**    **Rule 4(k)(2) provides no relief from this case's jurisdictional deficiencies.**

On its face, Federal Rule 4(k)(2) permits the establishment of personal jurisdiction only if "(A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and (B) exercising jurisdiction is consistent with the United States Constitution and laws." Fed. R. Civ. P. 4(k)(2). Neither requirement is met here.

First, a defendant is subject to general jurisdiction in a state where "the defendant's connection to the forum state [is] so continuous and systematic as to render [it] essentially at home there." *J.S.T. Corp*, 965 F.3d at 575 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*,

---

[1] The Declaration of Jeff Schwaninger is being filed contemporaneously herewith.

564 U.S. 915, 919 (2011)) (internal quotation omitted). Shibumi is "at home" in the Eastern District of North Carolina. *See* Dkt. 1 ¶ 8. Plaintiff's claim that "Defendant has not identified any state in which they are subject to general jurisdiction" is false. Dkt. 24 at 4. Plaintiff's own Complaint correctly identifies Shibumi's principal place of business is in North Carolina.[2] Dkt. 1 ¶ 8. Shibumi confirms that its principal place of business in North Carolina and that it is a Delaware corporation. Dkt. 17-1 ¶ 4. General jurisdiction, therefore, exists in either of these locations.

Second, "[i]t is unconstitutional to force a defendant to appear in a distant court unless it has done something that should make it 'reasonably anticipate being haled into court there.'" *Mobile Anesthesiologists Chi., LLC v. Anesthesia Assocs. of Houston Metroplex, P.A.*, 623 F.3d 440, 444 (7th Cir. 2010) (quoting *Burger King Corp.*, 471 U.S. at 474). Under the Due Process Clause, a defendant is subject to personal jurisdiction only where the defendant has certain "minimum contacts" with the forum state such that "maintenance of the suit does not offend 'traditional notices of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

Plaintiff's allegations regarding Shibumi's contacts with Illinois do not satisfy the required "minimum contacts." For example, Plaintiff's allegations regarding Shibumi's "e-commerce storefronts" (Dkt. 1 ¶ 13) fall flat. Courts consistently find that, without more, a website accessible by residents in the forum state does not confer jurisdiction. *Mobile Anesthesiologists Chicago*, 623 F.3d at 446 ("A plaintiff cannot satisfy the [] standard simply by showing that the defendant maintained a website accessible to residents of the forum state and alleging that the defendant caused harm through that website."); *Advanced Tactical Ordnance Sys., LLC*, 751 F.3d at 803

---

[2] Plaintiff incorrectly identifies Shibumi as a North Carolina corporation. Dkt.1 ¶ 8. In fact, Shibumi is a Delaware corporation. Dkt. 17-1 ¶ 4.

(finding an interactive website available to residents in the forum does not meet the standard); *Richter v. INSTAR Enters. Int'l, Inc.*, 594 F. Supp. 2d 1000, 1008–09 (N.D. Ill. 2009) (finding that the potential of Illinois customers to purchase products from defendant's website "is not enough to demonstrate continuous and systematic contacts with Illinois").

Plaintiff's Response allegations fare no better. Plaintiff points to Shibumi's "retail partnerships" as evidence of its "substantial contacts with Illinois" for jurisdiction. Dkt. 24 at 1–2. In particular, Plaintiff claims that Shibumi's website retailer locator and its partnership with Dick's provide grounds for jurisdiction in the forum. *Id.* Not so, "[c]ontacts between the plaintiff or other third parties and the forum do not satisfy this requirement." *Advanced Tactical Ordnance Sys., LLC*, 751 F.3d at 801.

Thus, Federal Rule 4(k)(2) cannot save this case's jurisdictional deficiencies because general jurisdiction is appropriate elsewhere and exercising jurisdiction in this District would be inconsistent with the Constitution.

### 3. Jurisdictional discovery is inappropriate under the circumstances.

Plaintiffs do "not enjoy an automatic right to jurisdictional discovery in every case." *N. Texas Equal Access Fund v. Thomas More Soc'y*, 728 F. Supp. 3d 887, 901 (N.D. Ill. 2024) (quoting *Zurich Am. Ins. Co. v. Tangiers Int'l LLC*, No. 18-cv-2115, 2018 WL 3770085, at *2 (N.D. Ill. Aug. 9, 2018)). Instead, plaintiffs "must make a *prima facie* showing with some competent evidence demonstrating that jurisdiction might exist in order to be entitled to jurisdictional discovery." *Id.* "Generally, courts grant jurisdictional discovery if the plaintiff can show that the factual record is at least ambiguous or unclear on the jurisdiction issue." *Ticketreserve, Inc. v. viagogo, Inc.*, 656 F. Supp. 2d 775, 782 (N.D. Ill. 2009)).

Here, Plaintiff does not show that the factual record is ambiguous on the jurisdiction issue. Indeed, the factual record is clear and does not support personal jurisdiction over Shibumi in this

District. By Plaintiff's own admission, general jurisdiction is appropriate in at least North Carolina. Dkt. 1 ¶ 8. Shibumi is a Delaware corporation with its principal place of business in Raleigh, North Carolina. Dkt. 17-1 ¶ 4. As explained in detail above, Shibumi's contacts with the State of Illinois are limited. Its products are not manufactured in Illinois, it does not have any physical presence in the State of Illinois, nor does it have any employees who reside or work in the State of Illinois. *Id*. at ¶¶ 3–5. Shibumi has a wholesale contract with Dick's, a national retailer with hundreds of locations across the United States, including in Illinois. Schwaninger Decl., at ¶ 3. Under this contract, Dick's purchases product from Shibumi which it sends to one of five warehouses located across the United States (but not in Illinois). *Id*. at ¶ 5. From its warehouses, Dick's—and Dick's alone—determines which of its brick-and-mortar locations will carry the products. *Id*. Dick's supposedly has selected at least two retail locations in Illinois from where it maintains limited stock of Shibumi's products. *See* Dkt. 24 at 2–3, 5. While Plaintiff argues that (1) Shibumi has a "retail partnership[] with Dick's Sporting Goods;" (2) Dick's has "locations throughout Illinois;" and (3) Shibumi "maintains an active e-commerce presence targeting U.S. consumers, and utilizes shipping and fulfillment services to distribute its products nationwide" (Dkt. 24 at 5), none of these facts support a finding that jurisdiction is improper in this District. The factual record is not ambiguous on the jurisdiction issue, and Plaintiff cannot make a *prima facie* showing that jurisdiction might exist so as to be entitled to jurisdictional discovery.

### B. Plaintiff Also Cannot Meet Its Burden to Show Venue Is Proper in This Court

Venue in this forum is also improper under 28 U.S.C. § 1391(b)(2), contrary to Plaintiff's argument. Dkt. 24 at 6. The law clearly states that "courts in this district generally hold that the locus of a plaintiff's economic harm is an insufficient basis for venue under § 1391(b)(2)." *Bartlett v. Bartlett*, No. 16 CV 6595, 2017 WL 106043, at *3 (N.D. Ill. Jan. 11, 2017). Plaintiff provides no legal support for its apparent position that Defendant's conduct—namely its "retail

partnerships, product sales, and distribution activities in Illinois" (Dkt. 24 at 7)— establish venue in this district. This is because it clearly does not.

Venue is appropriate Section 1391(b)(2) where a substantial part of events or omissions giving rise to the claim occurred, or a substantial part of property that is subject of the action is situated. *Matlin v. Spin Master Corp.*, No. 17 C 07706, 2018 WL 3496088, at *5 (N.D. Ill. July 20, 2018), *aff'd*, 921 F.3d 701 (7th Cir. 2019) (citing 28 U.S.C. § 1391(b)(2)). Courts in this District have long recognized that a non-resident's national retail business in a single state is inadequate to establish venue in that state. *Sassy*, 1988 WL 105326, at *1–3 (collecting cases) (finding venue improper under § 1391(b) where defendant distributes its products nationwide and, in Illinois, uses an independent distributor that also handles the products of other companies to market its products). As discussed above, Shibumi has a wholesale contract with Dick's, a national retailer of sporting goods and outdoor accessories with hundreds of locations across the United States. Schwaninger Decl., at ¶ 3. The contract provides that Dick's purchases product from Shibumi, which are then distributed to one of Dick's five warehouses located in Pennsylvania, Indiana, Georgia, Arizona, or New York. *Id*. at ¶ 5. Dick's alone determines which of its nationwide brick-and-mortar locations will carry the Shibumi products, not Shibumi. *Id*. Shibumi's retail and distribution relationship with Dick's and Dick's nationwide distribution and sales of Shibumi's products, including from two of its hundreds of retail locations, does not constitute a "substantial part of the events giving rise to the claim." Indeed, these sales represent no more than a "fraction" of Shibumi's nationwide sales. *See Sassy*, 1988 WL 105326, at *1 (finding venue improper under § 1391(b) where a non-resident defendant conducts "only a small fraction of its business" in that district); Schwaninger Decl., at ¶ 7.

In patent infringement suits, venue is determined exclusively according to 28 U.S.C.

§ 1400(b). *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 581 U.S. 258, 261–62, 266 (2017) ("§ 1400(b) is the sole and exclusive provision controlling venue in patent infringement actions and . . . is not to be supplemented by § 1391(c)") (internal quotations omitted). Section 1400(b) provides that "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). A domestic corporation's "residence" refers only to its state of incorporation. *TC Heartland*, 581 U.S. at 265–66. As Shibumi is a Delaware Corporation, its "residence" is Delaware and its only regular and established place of business is in North Carolina, not Illinois. *See* Dkt. 17-1 ¶ 4.

Venue is also not proper under 1391(c)(3) for the simple reason that Shibumi is not a foreign entity. It is a Delaware Corporation with its principal place of business in North Carolina. Dkt. 17-1 ¶ 4. Plaintiff's own Complaint, while wrong with respect to incorporation, establishes this fact. Dkt. 1 ¶ 8 ("[Defendant's] registered office address and principal place of business being 4039 Atlantic Avenue, Raleigh, NC 27604").

Plaintiff again mischaracterizes the law, here with respect to the Supreme Court's decision in *Atlantic Marine Construction Co. v. United States District Court for Western District of Texas.* 571 U.S. 49, 56 (2013); Dkt. 24 at 7. *Atlantic Marine* does not address when a plaintiff's allegations must be accepted as true and whether to draw all reasonable inferences in plaintiff's favor. *Atlantic Marine* does make clear, however, that "[w]hen venue is challenged, the court must determine whether the case falls within one of the three categories set out in § 1391(b). If it does, venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under § 1406(a)." 571 U.S. at 56.

Here, venue has been challenged and is improper. Thus, the case must be dismissed or

transferred.

## C. Plaintiff's Tortious Interference Claims Are Deficient on Their Face

Finally, regardless of where Plaintiff's claims are heard, its tortious interference claim is deficient on its face. To succeed on a tortious interference claim[3], the law requires a showing of actual damages. *U.S. Gypsum Co. v. LaFarge N. Am., Inc.*, 508 F. Supp. 2d 601, 639–40 (N.D. Ill. 2007); *Graves v. Man Grp. USA, Inc.*, 479 F. Supp. 2d 850, 855 (N.D. Ill. 2007). Damages are a distinct element, which a plaintiff must plead and prove to maintain an action for tortious interference with a contract. *Davis v. Times Mirror Mags., Inc.*, 297 Ill. App. 3d 488, 498 (1998). Plaintiff fails to allege sufficient damages in its Complaint (Dkt. 1) and further fails to meet its legal requirements in its Response (Dkt. 24).

The Complaint alleges that Defendant's conduct "threatened" its business, "disrupted" sales and operations, and caused "los[t] revenue related to the suspended listings." Dkt. 1 ¶¶ 1, 6, 38, 41. But, Plaintiff's listings were never suspended—and remain on Amazon to this day—so it has not, and cannot, show that it suffered such damages. *Celex Grp.*, 877 F. Supp. at 1126 ("[I]n the absence of any supporting evidence showing that the behavior of present or prospective customers was actually altered as a result of [the] allegedly interfering conduct, [claimant] has failed to establish that it has suffered damages as a result of that conduct."). Its alleged harms are speculative, factually impossible, and fall short of the types of harms required under a tortious interference claim.

Plaintiff further alleges in its Response—without legal or factual support—that the "mere

---

[3] Plaintiff's Complaint brings as Count II "Tortious Interference with Contract And Business Relations," thereby seemingly combining a "Tortious Interference With Contract" and a "Tortious Interference With Business Relations" claim. Regardless of which type of tortious interference claim Plaintiff intended, the element of actual damages is required, which Plaintiff fails to allege. *Compare ATC Healthcare Servs., Inc. v. RCM Techs., Inc.*, 192 F. Supp. 3d 943, 958 (N.D. Ill. 2016) *with Graves*, 479 F. Supp. 2d at 855.

threat of suspension constitutes actual harm," and points to its "legal costs," "reputational harm with Amazon," "diversion of business resources," and "uncertainty." Dkt. 24 at 7. These too fall short of the legal requirement for actual damages. *U.S. Gypsum*, 508 F. Supp. 2d 639–40; *see also Stonegate Ins. Co. v. Enstar (US) Inc.*, No. 21 C 3523, 2022 WL 10535477, at *5 (N.D. Ill. Oct. 18, 2022) (resulting legal costs insufficient to establish claim); *Koehler v. Packer Grp., Inc.*, 53 N.E.3d 218, 242 (Ill. App. Ct. Mar. 28, 2016) (actual harm to reputation required). "[A]bsent the necessary allegations, even the general policy favoring the liberal construction of pleadings will not satisfy the requirement that a complaint set forth facts necessary for recovery under the theory asserted." *NAV Consulting, Inc. v. Sudrania Fund Servs. Corp.*, 2023 IL App (1st) 211015-U, ¶ 29 (Ill. App. Ct. May 4, 2023) (quoting *Alpha School Bus Co. v. Wagner*, 391 Ill. App. 3d 722, 735 (Ill. App. Ct. May 15, 2009)). Plaintiff's Tortious Interference Claims are deficient on their face and are not rehabilitated in Plaintiff's Response.

### III. CONCLUSION

For the reasons stated above as well as in Shibumi's Motion, this Court should dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(2) and (3), and dismiss Plaintiff's claim of tortious interference pursuant to Fed. R. Civ. P. 12(b)(6).

Dated: August 11, 2025

Respectfully submitted,

By: */s/ Preston H. Heard*

Preston H. Heard (*pro hac vice*)
Georgia Bar No. 476319
WOMBLE BOND DICKINSON (US) LLP
1331 Spring Street, NW, Suite 1400
Atlanta, GA 30309
Telephone: (404) 888-7366
Email: Preston.Heard@wbd-us.com

*Attorney for Defendant Shibumi Shade, Inc.*