**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois − CM/ECF NextGen 1.8 (rev. 1.8.5)**
**Eastern Division**

Hezeshi Bingyu Xinxi Keji
Plaintiff,
v.
Shibumi Shade, Inc.
Defendant.

Case No.: 1:25−cv−04276
Honorable Franklin U. Valderrama

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Friday, February 27, 2026:

MINUTE entry before the Honorable Franklin U. Valderrama: Plaintiff brings two claims against Defendant premised upon Defendant's allegations of infringement of U.S. Patent No. 11,255,103 against Plaintiff to Amazon via its Patent Evaluation Express Procedure, which Plaintiff alleges resulted in the delisting of Plaintiff's products from Amazon. R. [1], Compl. Before the Court is Defendant's motion to dismiss for lack of personal jurisdiction, improper venue, and failure to state a claim upon which relief can be granted. R. [16], Mot. Dismiss. In response, Plaintiff argues that the Court has personal jurisdiction over Defendant; however, Plaintiff requests that, if the Court finds the record lacking on jurisdiction, Plaintiff should be granted leave to conduct targeted jurisdictional discovery into Defendant's relevant U.S. and Illinois contacts and business activities. R. [24], Resp. at 1−5. "A plaintiff must be able to establish a colorable or prima facie showing of personal jurisdiction before discovery should be permitted." In re Sheehan, 48 F.4th 513, 526 (7th Cir. 2022) (cleaned up); see also JT's Frames, Inc. v. Casares, 2018 WL 835225, at *3 (N.D. Ill. Feb. 13, 2018) ("Generally, courts grant jurisdictional discovery if the plaintiff can show that the factual record is at least ambiguous or unclear on the jurisdiction issue.") (cleaned up). "The standard is low, but a plaintiff's request will be denied if it is based only upon unsupported assertions of personal jurisdiction." Id. (cleaned up). The Court has "wide discretion" in determining whether to grant jurisdictional discovery. See id. Here, Plaintiff alleges, and provides screenshot evidence, that Defendant has an interactive website accessible by Illinois consumers and a retail partnership with a nationwide distributor, Dick's Sporting Goods (Dick's). Resp. at 23; 24−1, Exh. A. Indeed, Plaintiff's screenshot evidence shows that Dick's has Defendant's allegedly infringing products in stock in an Illinois store, although Plaintiff puts forth no evidence of sales in Illinois. Exh. A. Defendant maintains that its website and retail partnership do not meet the minimum contacts test for personal jurisdiction. R. [17], Memo. Dismiss at 8−9; R. [27], Reply at 4−6. The Seventh Circuit has held that a website alone is insufficient to establish personal jurisdiction, but an interactive website coupled with sales in the forum state can support jurisdiction. See Curry v. Revolution Lab'ys, LLC, 949 F.3d 385, 400 (7th Cir. 2020) (holding a defendant operating an interactive website and selling to Illinois customers has "purposely exploited the Illinois market"). Additionally, a defendant at the head of a distribution chain can be subjected to personal jurisdiction where its products are distributed and sold. See Moser v. Ayala, 2013 WL

1337187, at *5 (N.D. Ill. Mar. 29, 2013) (citing Giotis v. Apollo of Ozarks, Inc., 800 F.2d 660, 667 (7th Cir.1986)) (holding that by entering a nationwide agreement placing its products in the stream of commerce, the defendant purposely availed itself to all 50 states, including Illinois). Plaintiff contends that limited discovery would allow development regarding the extent of Defendant's sales volume derived from Illinois consumers. Resp. at 4−5. The Court agrees and finds that Plaintiff has established a colorable or prima facie showing of personal jurisdiction, permitting discovery in this case. See In re Sheehan, 48 F.4th at 526. Therefore, the Court denies Defendant's motion to dismiss [16] without prejudice to renewal following limited jurisdictional discovery. The Court refers supervision of jurisdictional discovery (including setting all deadlines, resolution of any jurisdictional discovery motion) to Magistrate Judge McLaughlin. The Court finds that Defendant has not waived its right to raise the issue of personal jurisdiction or venue under Fed. R. Civ. P. 12(h) in a subsequent motion to dismiss following jurisdictional discovery. Mailed notice. (jcm)

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.