**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| HEZESHI BINGYU XINXI KEJI YOUXIAN GONGSI, | No: 1:25-cv-04276 |
| Plaintiff, | Honorable Franklin U. Valderrama |
| v. | Magistrate Judge Daniel P. McLaughlin |
| SHIBUMI SHADE, INC., | |
| Defendant. | |

**DEFENDANT SHIBUMI SHADE, INC.'S ANSWER AND COUNTERCLAIMS TO
PLAINTIFF HEZESHI BINGYU XINXI KEJI YOUXIAN GONGSI'S
COMPLAINT FOR DECLARATORY JUDGMENT**

Defendant Shibumi Shade, Inc. ("Shibumi") by and through the undersigned counsel, hereby responds to the allegations of Plaintiff Hezeshi Bingyu Xinxi Keji Youxian Gongsi's ("Plaintiff" or "Hezeshi") Complaint, Dkt. 1 ("Complaint"), and asserts the following answers, defenses, and counterclaims.

**NATURE OF THE ACTION**

1.     Shibumi admits that Hezeshi brought a claim for tortious interference. Except as expressly admitted, Shibumi denies the remaining allegations in Paragraph 1 of the Complaint.

2.     Shibumi admits that Hezeshi brought this action seeking declaratory judgment of non-infringement and invalidity, but denies that Hezeshi's claim has any merit. Except as expressly admitted, Shibumi denies the remaining allegations in Paragraph 2 of the Complaint.

3.     Shibumi admits that both Shibumi and Hezeshi sell products on Amazon.com, and that Shibumi reported a violation of patent infringement to Amazon through Amazon's Patent Evaluation Express Procedure ("APEX") relating to U.S. Patent No. 11,255,103 (the "'103 Patent") alleging that Hezeshi's ALYCASO Shading System infringes the '103 Patent. Shibumi

admits that Exhibit A to the Complaint purports to be a copy of the '103 Patent. Except as expressly admitted, Shibumi denies the remaining allegations in Paragraph 3 of the Complaint.

4.      To the extent this paragraph contains legal conclusions, no response is required. To the extent a response is required, Shibumi denies the allegations in Paragraph 4 of the Complaint.

5.      To the extent this paragraph contains legal conclusions, no response is required. To the extent a response is required, Shibumi denies the allegations in Paragraph 5 of the Complaint.

6.      To the extent this paragraph contains legal conclusions, no response is required. To the extent a response is required, Shibumi admits that it reported a violation of patent infringement to Amazon regarding the '103 Patent. Shibumi admits that 28 U.S.C. §§ 2201 and 2202 is alleged as a basis for bringing this action. Except as expressly admitted, Shibumi denies the remaining allegations in Paragraph 6 of the Complaint.

## THE PARTIES

7.      Shibumi lacks knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint and therefore denies same.

8.      Shibumi admits the allegations in Paragraph 8 of the Complaint.

9.      Shibumi admits that it is the owner of the '103 Patent by assignment.

## JURISDICTION AND VENUE

10.      To the extent this paragraph contains legal conclusions, no response is required. To the extent a response is required, Shibumi admits that 28 U.S.C. § 1332(a) is alleged as a basis for subject matter jurisdiction and that it is a North Carolina corporation with a principal place of business in North Carolina. Except as expressly admitted, Shibumi denies the remaining allegations in Paragraph 10 of the Complaint.

2

11. To the extent this paragraph contains legal conclusions, no response is required. To the extent a response is required, Shibumi admits that 28 U.S.C. §§ 1331, 1338, 2201, and 2202 are alleged as a basis for subject matter jurisdiction. Except as expressly admitted, Shibumi denies the remaining allegations in Paragraph 11 of the Complaint.

12. To the extent this paragraph contains legal conclusions, no response is required. To the extent a response is required, Shibumi denies the allegations in Paragraph 12 of the Complaint.

13. To the extent this paragraph contains legal conclusions, no response is required. To the extent a response is required, Shibumi admits that Shibumi products are sold or available in the United States including through Amazon.com and shibumishade.com. Except as expressly admitted, Shibumi denies the remaining allegations in Paragraph 13 of the Complaint.

14. Shibumi admits that on April 9, 2025 it reported a violation of patent infringement to Amazon through APEX regarding Hezeshi's infringement of the '103 Patent. Except as expressly admitted, Shibumi denies the remaining allegations in Paragraph 14 of the Complaint.

15. To the extent this paragraph contains legal conclusions, no response is required. To the extent a response is required, Shibumi denies the allegations in Paragraph 15 of the Complaint.

16. Shibumi denies the allegations in Paragraph 16 of the Complaint.

17. To the extent this paragraph contains legal conclusions, no response is required. To the extent a response is required, Shibumi denies the allegations in Paragraph 17 of the Complaint.

## **FACTUAL BACKGROUND**

18. Shibumi admits the allegations in Paragraph 18 of the Complaint.

19. Shibumi admits that it is the owner of the '103 Patent by assignment and that it has the right to license, sell, and enforce the '103 Patent.

20.    Shibumi admits that on April 9, 2025 it reported a violation of patent infringement to Amazon through APEX regarding Hezeshi's infringement of the '103 Patent.

21.    Shibumi lacks knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint and therefore denies same.

22.    Shibumi denies the allegations in Paragraph 22 of the Complaint.

23.    Shibumi denies the allegations in Paragraph 23 of the Complaint.

## COUNT I - DECLARATORY JUDGMENT OF PATENT NON-INFRINGEMENT (U.S. PATENT NO. 11,255,103)

24.    Shibumi restates and incorporates each of its responses in the preceding paragraphs as if fully stated herein.

25.    Shibumi admits that Hezeshi's ALYCASO Shading System infringes at least one claim of the '103 Patent.

26.    To the extent this paragraph contains legal conclusions, no response is required. To the extent a response is required, Shibumi denies the allegations in Paragraph 26 of the Complaint.

27.    To the extent this paragraph contains legal conclusions, no response is required. To the extent a response is required, Shibumi denies the allegations in Paragraph 27 of the Complaint.

28.    To the extent this paragraph contains legal conclusions, no response is required. To the extent a response is required, Shibumi denies the allegations in Paragraph 28 of the Complaint.

29.    To the extent this paragraph contains legal conclusions, no response is required. To the extent a response is required, Shibumi denies the allegations in Paragraph 29 of the Complaint.

30.    To the extent this paragraph contains legal conclusions, no response is required. To the extent a response is required, Shibumi denies the allegations in Paragraph 30 of the Complaint.

31.    To the extent this paragraph contains legal conclusions, no response is required. To the extent a response is required, Shibumi denies the allegations in Paragraph 31 of the Complaint.

32.     To the extent this paragraph contains legal conclusions, no response is required. To the extent a response is required, Shibumi denies the allegations in Paragraph 32 of the Complaint.

### COUNT II - TORTIOUS INTERFERENCE WITH CONTRACT AND BUSINESS RELATIONS

33.     Shibumi restates and incorporates each of its responses in the preceding paragraphs as if fully stated herein.

34.     Shibumi denies the allegations in Paragraph 34 of the Complaint.

35.     Shibumi lacks knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint and therefore denies same.

36.     Shibumi admits that Hezeshi sells its products on Amazon. Except as expressly admitted, Shibumi denies the remaining allegations in Paragraph 36 of the Complaint.

37.     To the extent this paragraph contains legal conclusions, no response is required. To the extent a response is required, Shibumi denies the allegations in Paragraph 37 of the Complaint.

38.     To the extent this paragraph contains legal conclusions, no response is required. To the extent a response is required, Shibumi denies the allegations in Paragraph 38 of the Complaint.

39.     To the extent this paragraph contains legal conclusions, no response is required. To the extent a response is required, Shibumi denies the allegations in Paragraph 39 of the Complaint.

40.     To the extent this paragraph contains legal conclusions, no response is required. To the extent a response is required, Shibumi denies the allegations in Paragraph 40 of the Complaint.

41.     To the extent this paragraph contains legal conclusions, no response is required. To the extent a response is required, Shibumi denies the allegations in Paragraph 41 of the Complaint.

42.     Shibumi denies the allegations in Paragraph 42 of the Complaint.

43.     To the extent this paragraph contains legal conclusions, no response is required. To the extent a response is required, Shibumi denies the allegations in Paragraph 43 of the Complaint.

44.     To the extent this paragraph contains legal conclusions, no response is required. To the extent a response is required, Shibumi denies the allegations in Paragraph 44 of the Complaint.

## PRAYER FOR RELIEF

Shibumi restates and incorporates each of its responses in the preceding paragraphs as if fully stated herein. Shibumi denies that Hezeshi is entitled to any relief from Shibumi and denies all allegations contained in Paragraphs 1-8 of Hezeshi's Prayer for Relief.

## DEMAND FOR JURY TRIAL

Shibumi hereby demands a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

Subject to the responses above, Shibumi alleges and asserts the following affirmative defenses to Hezeshi's claims for declaratory judgment. The assertion of an affirmative defense is not a concession that Shibumi has the burden of proving the matter asserted. In addition to the affirmative defenses described below, and subject to its responses above, Shibumi specifically reserves all rights to allege additional affirmative defenses that become known through the course of discovery or otherwise.

## FIRST AFFIRMATIVE DEFENSE

Hezeshi's claims fail to state a claim upon which relief may be granted. Hezeshi has failed to provide sufficient factual or legal basis to support its allegations of non-infringement, invalidity, and tortious interference.

## SECOND AFFIRMATIVE DEFENSE

The claims of the '103 Patent, as properly construed, are valid and enforceable.

## THIRD AFFIRMATIVE DEFENSE

The Court does not have personal jurisdiction over Shibumi because Illinois's long-arm statute does not confer jurisdiction over non-resident Shibumi and the exercise of jurisdiction does not satisfy due process.

## FOURTH AFFIRMATIVE DEFENSE

Venue for Hezeshi's claims against Shibumi are improper under 28 U.S.C. § 1391 and should be dismissed or transferred under 28 U.S.C. § 1406.

## FIFTH AFFIRMATIVE DEFENSE

Hezeshi's claims are barred by the doctrines of estoppel, waiver, laches, and/or unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

Hezeshi's claims are barred because Hezeshi has failed to mitigate any alleged harm or damages.

## SEVENTH AFFIRMATIVE DEFENSE

Hezeshi's claims for tortious interference are barred because Shibumi has only acted in good faith to assert the '103 Patent that Shibumi owns and therefore has not committed any tortious interference.

## PRAYER FOR RELIEF

WHEREFORE, Shibumi seeks the following relief:

A. That judgment be entered in Shibumi's favor;

B. That Hezeshi's Complaint be dismissed with prejudice;

C. A determination that Hezeshi has infringed the '103 Patent;

D. A determination that the '103 Patent is valid and enforceable;

E. That pursuant to 35 U.S.C. § 285, Hezeshi's conduct in commencing and pursuing this action be found to render this an exceptional case and that Shibumi be awarded reasonable attorneys' fees in connection with this action; and

F. That Shibumi be granted such other and additional relief as this Court deems just and proper.

## JURY DEMAND

Shibumi hereby demands a trial by jury on all issues so triable.

## RESERVATION OF RIGHTS

Shibumi hereby reserves the right to amend its Answer and reserves all defenses set out in Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, which become applicable after the substantial completion of discovery or otherwise in the course of litigation.

## COUNTERCLAIMS

Defendant and Counterclaim Plaintiff Shibumi Shade, Inc. ("Shibumi") by and through the undersigned counsel, assert the following counterclaims for infringement of U.S. Patent No. 11,255,103 (the "'103 Patent") against Plaintiff and Counterclaim Defendant Hezeshi Bingyu Xinxi Keji Youxian Gongsi's ("Plaintiff" or "Hezeshi").

## THE PARTIES

1. Shibumi is a corporation organized and existing under the laws of the State of North Carolina with its principal place of business located at 4039 Atlantic Avenue, Raleigh, NC 27604.

2. Upon information and belief, Hezeshi is a private Chinese company.

8

## JURISDICTION AND VENUE

3.      This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 1 *et seq*., including 35 U.S.C. § 271.

4.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 1 *et seq.*

5.      This Court has personal jurisdiction over Hezeshi based on Hezeshi pursuing a lawsuit in this District seeking declaratory judgment relating to the '103 Patent. Further, on information and belief, Hezeshi has committed acts of infringement in this District by making, using, selling, offering for sale, or importing infringing goods, including the ALYCASO Shading System, within the District. Hezeshi sells the ALYCASO Shading System on Amazon. Each ALYCASO Shading System sold by Hezeshi has a different Amazon Standard Identification Number ("ASIN"). Hezeshi has at least eleven ASINs relating to the ALYCASO Shading System, including at least B0DZ2G45WL, B0DZ2HRBX5, B0DZ2LSC7Q, B0DZ2JL14Y, B0DZ2JD4KR, B0DZ2J5CPH, B0DZ2FVFXR, B0DZ2F8GQF, and B0DZ2FM48M (collectively, the "Accused Products").

6.      For at least the reasons set forth in Paragraph 5 above, Hezeshi has consented to venue in this District through, at the very least, filing this action. Additionally, or alternatively, venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) and/or 1400(b).

## FACTS

### A.      History of Shibumi Shade

7.      Shibumi was founded in 2016 by two brothers and a longtime friend who grew up visiting Emerald Isle, North Carolina, every summer. The founders recognized the problems with traditional beach umbrellas, which were flimsy, bulky, and difficult to assemble, and in 2015 they

set out to create a new design that would be both lightweight and easy to assemble. The founders worked for more than a year out of their home to perfect their design for the ideal beach shade before formally launching the Shibumi Shade in 2016.

8.      Today, the Shibumi Shade is used and sold throughout the United States and has gained widespread recognition for its superior design and high quality, which are sold through Shibumi's website, www.shibumishade.com, through Amazon.com, and at select retail locations throughout the United States.

9.      As the Shibumi Shade's popularity grew, the founders set out to protect their designs and intellectual property. Shibumi makes every attempt to protect its intellectual property rights, to protect its reputation, and to protect its customers from confusion in the marketplace. To that end, Shibumi has obtained multiple patents to date, including U.S. Patent No. 11,255,103 (the "'103 Patent").

10.     Shibumi owns all right, title, and interest in and to the '103 Patent.

11.     The Shibumi Shade is easily visible and instantly recognizable when in use by beachgoers. The Shibumi Shade has become a beach staple and can be seen lined up on the beach for miles during the summer. The Shibumi Shade has even been featured in prominent newspapers and magazines, including The New York Times, The Wall Street Journal, Forbes, Inc., USA Today, Travel + Leisure, New York Magazine, Good Housekeeping, People, GQ, Garden & Gun, CNET, and on TV shows. Exemplary photographs of the Shibumi Shade and demonstrating its prolific use by consumers are below.









12.     Through the release of the Accused Products, Hezeshi unlawfully copied Shibumi's innovations to unfairly compete with Shibumi.   Hezeshi has imported, manufactured, used, distributed, sold, or offered to sell the Accused Products in the United States.

**B.     Hezeshi's Infringement of the '103 Patent**

13.     The '103 Patent, titled "SHADING SYSTEM AND METHOD OF USE," was duly and legally issued on February 22, 2022 to Dane Brooks Barnes, Alexander Griffith Slater, and Scott Christian Barnes. A true and accurate copy of the '103 Patent is attached as Exhibit A and incorporated by reference.  All rights and interest in the '103 Patent have been assigned to Shibumi.

14.     The Accused Products infringes one or more claims of the '103 Patent, including at least each and every element of Claim 21 either literally or under the doctrine of equivalents, as set forth below and in the claim chart attached as Exhibit B.

15. Claim 21 of the '103 Patent recites:

21. A system for providing shade onto a surface, the system comprising:

at least one frame engageable with the surface and comprising a plurality of sections and at least one aligning component affixed to one or more of the plurality of sections of the frame, such that the plurality of sections are maneuverable between a compactly configured transport configuration and a supporting configuration where the plurality of sections are aligned from a first end to a second end;

a canopy extending between a suspension end and an opposing trailing end and engageable with the frame about a portion of the frame, wherein in the supporting configuration, the canopy is capable of being supported by the at least one frame at least at the suspension end of the canopy and wind for providing shade to the surface;

a cord couplable to one or both of the frame and the canopy;

an anchor being coupleable to the cord so that the frame remains in the supporting configuration; and

a container capable of both transporting all of the components of the system and acting as the anchor.

16. The Accused Products either literally or equivalently contains a system for providing shade onto a surface. *See* Ex. B at 1.

17. The system of the Accused Products either literally or equivalently comprises at least one frame engageable with the surface and comprising a plurality of sections. *See* Ex. B at 2.

18. The system of the Accused Products either literally or equivalently comprises at least one aligning component affixed to one or more of the plurality of sections of the frame, such that the plurality of sections are maneuverable between a compactly configured transport configuration and a supporting configuration. *See* Ex. B at 3.

19. In the supporting configuration the system of the Accused Products either literally or equivalently comprises a plurality of sections aligned from a first end to a second end. *See* Ex. B at 4.

20. The system of the Accused Products either literally or equivalently comprises a canopy extending between a suspension end and an opposing trailing end and engageable with the frame about a portion of the frame. *See* Ex. B at 4.

21. In the supporting configuration the system of the Accused Products either literally or equivalently comprises a canopy capable of being supported by the at least one frame at least at the suspension end of the canopy and wind for providing shade to the surface. *See* Ex. B at 5.

22.     The system of the Accused Products either literally or equivalently comprises a cord couplable to one or both of the frame and the canopy. *See* Ex. B at 6.

23.     The system of the Accused Products either literally or equivalently comprises an anchor being coupleable to the cord so that the frame remains in the supporting configuration. *See* Ex. B at 7.

24.     The system of the Accused Products either literally or equivalently comprises a container capable of both transporting all of the components of the system and acting as the anchor. *See* Ex. B at 8.

## COUNT I – INFRINGEMENT OF THE '103 PATENT

25.     Shibumi repeats and incorporates by reference the allegations contained in the foregoing paragraphs, as if stated fully herein.

26.     Shibumi is the owner of the '103 Patent, with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the '103 Patent against infringers, and to collect damages for all relevant times.

27.     Hezeshi has either alone or in concert directly infringed and continues to infringe the '103 Patent, either literally or through the doctrine of equivalents, by making, using, importing, supplying, distributing, selling and/or offering for sale the Accused Products within the United States, in violation of 35 U.S.C. § 271(a).

28.     Upon information and belief, Hezeshi has made and continues to make unlawful gains and profits from its infringement of the '103 Patent.

29.     At least as early as October 2024, Hezeshi has been on notice and had knowledge of the '103 Patent and that its products practice the '103 Patent. On April 9, 2025, Shibumi filed an APEX complaint explaining that the '103 Patent cover's Hezeshi's products. After each date,

15

Hezeshi continued to sell its products despite knowing they practice the '103 Patent. Hezeshi's infringement of the '103 Patent has been willful and deliberate at least since this date.

30.     Shibumi has been damaged and irreparably harmed by Hezeshi's infringement of the '103 Patent for which Shibumi is entitled to relief under 35 U.S.C. § 284. Shibumi will continue to suffer damages and irreparable harm unless Hezeshi is enjoined by this Court from continuing its infringement.

## ATTORNEYS' FEES

31.     Pursuant to 35 U.S.C. § 285, Shibumi seeks reasonable attorneys' fees in this case.

## JURY DEMAND

32.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Shibumi respectfully requests a trial by jury of any issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Shibumi respectfully requests that:

A.     Hezeshi be declared to have directly infringed one or more of the claims of the '103 Patent under 35 U.S.C. § 271(a);

B.     the Court issue preliminary and permanent injunctive relief pursuant to 35 U.S.C. § 283 against the continuing infringement of the claims of the '103 Patent by Hezeshi, their officers, agents, employees, attorneys, representatives, and all others acting in concert therewith;

C.     the Court declare that the making, using, offering to sell, and/or selling within the United States, and/or importation into the United States of the Accused Products will constitute an infringement of the '103 Patent;

D.     the Court order an accounting for all monies received by or on behalf of Hezeshi and all damages sustained by Shibumi as a result of Hezeshi's aforementioned infringement, that

such monies and damages be awarded to Shibumi, and that interest and costs be assessed against Hezeshi pursuant to 35 U.S.C. § 284;

E.      the Court declare that Hezeshi s infringement was and is willful from the time it became aware of the infringing nature of their product and award treble damages for the period of such willful infringement of the '103 Patent, pursuant to 35 U.S.C. § 284;

F.      that the Court declare this an exceptional case and order that Hezeshi pay to Shibumi its reasonable attorneys' fees and costs, pursuant to 35 U.S.C. § 285; and

33.     the Court award such further and other relief to Shibumi as the Court deems just, together with its costs and disbursements in this action.

Dated: March 13, 2026                              Respectfully submitted,

By: */s/ Preston H. Heard*

Preston H. Heard (*pro hac vice*)
Georgia Bar No. 476319
WOMBLE BOND DICKINSON (US) LLP
1331 Spring Street, NW, Suite 1400
Atlanta, GA 30309
Telephone: (404) 888-7366
Email: Preston.Heard@wbd-us.com

*Attorney for Defendant Shibumi Shade, Inc.*