IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HEZESHI BINGYU XINXI KEJI YOUXIAN GONGSI, | No: 1:25-cv-04276 |
| Plaintiff, | Honorable Franklin U. Valderrama |
| v. | Magistrate Judge Daniel P. McLaughlin |
| SHIBUMI SHADE, INC., | |
| Defendant. | |

**DEFENDANT SHIBUMI SHADE, INC.'S
MOTION TO COMPEL DOCUMENT PRODUCTION FROM
<u>PLAINTIFF HEZESHI BINGYU XINXI KEJI YOUXIAN GONGSI</u>**

**TABLE OF CONTENTS**

| | | |
|---|---|---:|
| I. | INTRODUCTION | 3 |
| II. | FACTUAL BACKGROUND | 3 |
| | A. Procedural History | 3 |
| | B. Shibumi's February 18, 2026 Deficiency Letter | 4 |
| III. | LEGAL STANDARD | 4 |
| IV. | ARGUMENT | 5 |
| | A. Hezeshi's Document Production Is Woefully Deficient | 5 |
| | B. Hezeshi Has Failed to Produce a Privilege Log | 6 |
| | C. Hezeshi's Interrogatory Responses Are Deficient | 7 |
| | D. Hezeshi's Conduct Demonstrates a Pattern of Discovery Abuse | 8 |
| | E. Shibumi is Entitled to its Expenses in Bringing This Motion | 8 |
| V. | CONCLUSION | 9 |

## TABLE OF AUTHORITIES

**Cases**

*Ezike v. DHL/Airborne*,
    No. 04 C 4476, 2005 WL 8178944 (N.D. Ill. Mar. 2, 2005) ............................................. 5

*Fellowes, Inc. v. Aurora Corp. of Am.*,
    No. 07 CV 7237, 2009 WL 1097063 (N.D. Ill. Apr. 1, 2009) .......................................... 7

*Gamon Plus, Inc. v. Campbell's Co.*,
    764 F. Supp. 3d 690 (N.D. Ill. 2025) ............................................................................... 8

*Hirsch v. Will Cnty.*,
    No. 19 CV 7398, 2023 WL 6809609 (N.D. Ill. Oct. 15, 2023) ........................................ 9

*Lorillard Tobacco Co. v. Elston Self Serv. Wholesale Groceries, Inc.*,
    259 F.R.D. 323 (N.D. Ill. 2009) ....................................................................................... 9

*Novelty, Inc. v. Mountain View Mktg., Inc.*,
    265 F.R.D. 370 (S.D. Ind. 2009) ..................................................................................... 5

**Rules**

Fed. R. Civ. P. 26 .................................................................................................................... 5

Fed. R. Civ. P. 34 .................................................................................................................... 5

Fed. R. Civ. P. 37 ........................................................................................................... 4, 8, 9

Fed. R. Civ. P. 41 .................................................................................................................... 9

L.P.R. 2.1 ................................................................................................................................ 8

Defendant Shibumi Shade, Inc. ("Shibumi") hereby moves to compel Plaintiff Hezeshi Bingyu Xinxi Keji Youxian Gongsi's ("Plaintiff" or "Hezeshi") to supplement its deficient discovery responses and to produce all responsive documents in its possession, custody, or control.

## I. INTRODUCTION

This Motion arises from Hezeshi's persistent failure to meaningfully participate in discovery in a case that Hezeshi itself filed. Despite initiating this declaratory judgment action nearly a year ago, Hezeshi has produced only four documents, has failed to provide substantive responses to key interrogatories relating directly to its claim, has not produced a privilege log, and has failed to produce a sample product for inspection as required. On February 18, 2026, Shibumi sent a detailed deficiency letter to Hezeshi's counsel identifying specific deficiencies in Hezeshi's discovery responses and requesting supplementation by March 1, 2026. Hezeshi failed to provide any response or supplementation by that deadline. Because Hezeshi has failed to cure these deficiencies despite notice and an opportunity to do so, through correspondence and meet and confer discussions, Shibumi now seeks relief from this Court.

## II. FACTUAL BACKGROUND

### A. Procedural History

Hezeshi filed this declaratory judgment action in the Northern District of Illinois on April 18, 2025. Dkt. 1. Although Shibumi noted it preferred to stay discovery pending the Court's decision on its motion to dismiss, Hezeshi represented to the Court that it preferred for discovery to move forward. *See* Dkt. 20 at 1. The Court ultimately allowed discovery to proceed and set the deadline to serve written discovery as November 21, 2025, with fact discovery to close on January 9, 2026. Dkt. 32. Shibumi served its First Set of Requests for Production (Ex. A) and First Set of Interrogatories (Ex. B) on September 22, 2025.

Hezeshi failed to serve its required Rule 26 disclosures on the deadline set by the Court.

Dkt. 35. Hezeshi further failed to respond to Shibumi's first set of written discovery within either of the timelines set forth by the Federal Rules or by the agreed-to extension period. *Id.* The Court was ultimately required to order Hezeshi to serve its Rule 26 disclosures and its responses to Shibumi's discovery by December 16, 2025. Dkt. 36. While Hezeshi served discovery responses on December 16 (Exs. C and D) its responses were deficient for the reasons set forth herein. The discovery deadline has since been extended to March 14, 2026. Dkt. 40.

        B.        **Shibumi's February 18, 2026 Deficiency Letter**

On February 18, 2026, Shibumi's counsel sent a detailed deficiency letter to Hezeshi's counsel outlining the deficiencies in Hezeshi's discovery responses and requesting that Hezeshi immediately begin producing all documents in its possession, custody, and control, and produce a privilege log of any material withheld by March 1, 2026. Ex. E. The letter further requested that Hezeshi serve supplemental interrogatory responses, including meaningful responses to Interrogatory Nos. 6 and 7. *Id.* Hezeshi has failed to respond to the deficiency letter or provide any supplementation by March 1, 2026. On March 3, 2026 Shibumi's counsel sent an email requesting a meet and confer on these issues be held on March 5-6. Ex. F. Hezeshi finally responded to the request to meet and confer on March 5. *Id.* The parties held a meet and confer on March 11, 2026. Counsel for Hezeshi could not commit to remedying the identified deficiencies by March 13, 2026, the current close of fact discovery.

**III.    LEGAL STANDARD**

Federal Rule of Civil Procedure 37(a) provides that a party may move for an order compelling discovery responses where another party fails to respond to discovery requests or provides evasive or incomplete responses. Fed. R. Civ. P. 37(a)(3)–(4). A party's response to a discovery request is "evasive or incomplete" if it does not fairly respond to the substance of the discovery request. Fed. R. Civ. P. 37(a)(4). Additionally, Federal Rule of Civil Procedure 26(e)

4

requires a party to supplement its discovery responses "in a timely manner" if the party learns that a prior response is incomplete or incorrect. Fed. R. Civ. P. 26(e)(1).

Rule 34 requires that documents be produced in the timeline specified in the request and provided under the Rules. *Novelty, Inc. v. Mountain View Mktg., Inc.*, 265 F.R.D. 370, 376 (S.D. Ind. 2009) ("Rule 34 guarantees that the requesting party will receive, concurrently with the response, all documents reasonably available."). A party may not wait until the close of fact discovery to comply with its document production obligations. *Ezike v. DHL/Airborne*, No. 04 C 4476, 2005 WL 8178944, at *1–2 (N.D. Ill. Mar. 2, 2005).

IV. **ARGUMENT**

    A. **Hezeshi's Document Production Is Woefully Deficient**

Despite agreeing that 37 of Shibumi's 40 requests for production seek discoverable information (*see* Ex. C), Hezeshi has produced only four documents in this entire Action. This paltry production falls far short of what should be produced in response to Shibumi's requests.

The following categories of documents are entirely missing from Hezeshi's production:

- **Request Nos. 4 and 5:** Documents "referencing or concerning Shibumi, Shibumi's patents, or Shibumi's products" including "the Patent-in-Suit" and including the "date on which [Hezeshi] first became aware" of such patents. In its response to Request No. 5, Hezeshi stated it "will produce non-privileged responsive documents reflecting when and how Plaintiff first became aware of the '103 Patent," but no such documents have been produced.

- **Request No. 6:** Documents "relating to any investigation, study, comparison or analysis of the Patent-in-Suit." Again, Hezeshi stated it "will produce non-privileged responsive documents, if any, located after a reasonable search," but has produced none.

- **Request Nos. 11 and 12:** Documents showing the "design and component details of all versions…from initial conception to final adopted design" and "modifications or revisions…including when and why such changes were designed and implemented." Hezeshi claims it produced documents "sufficient to show design and component details" in its responses, yet has produced only four documents total.

5

- **Request No. 18:** Documents and communications between Hezeshi and its customers and/or distributors concerning the purchase, sale, or use of the Products-in-Suit. Hezeshi objected to this request as "overbroad, unduly burdensome, and not proportional to the needs of the case" without producing any responsive documents.

- **Request No. 23:** Documents sufficient to identify suppliers, purchasers, sellers, manufacturers, importers, distributors, and marketers of components. Hezeshi stated it "will produce non-privileged documents sufficient to identify relevant suppliers/manufacturers/import logistics entities," but has produced none.

- **Request Nos. 24–27:** Documents sufficient to identify the quantities of products manufactured, purchased, imported, or sold by Hezeshi, and financial documents showing monthly and yearly profit and loss, costs, and revenues. Hezeshi stated it "will produce" such documents, but has not done so.

- **Request No. 34:** An inspection of every current and former version of the Products-in-Suit. Hezeshi agreed that it "will make available for inspection and/or produce a representative operational sample of the Products-at-Issue," but has failed to do so.

*See* Exs. A and C. These requests are simply exemplary. Hezeshi's paltry production falls far short of meeting its obligations to participate in a litigation it initiated. And the four documents Hezeshi has produced to date certainly do not satisfy its obligations under six of those requests as it claims. Hezeshi should be compelled to immediately produce documents within its possession, custody, and control from all 40 categories in Shibumi's document request letter. *See* Ex. C.

B. **Hezeshi Has Failed to Produce a Privilege Log**

Hezeshi has also failed to provide a privilege log identifying any privileged material that has been withheld and under what circumstances. Rule 26(b)(5) requires that when a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must expressly make the claim and describe the nature of the documents, communications, or tangible things not produced in a manner that will enable other parties to assess the claim. Hezeshi's failure to produce a privilege log violates its obligations under the Federal Rules.

6

## C. Hezeshi's Interrogatory Responses Are Deficient

Hezeshi's interrogatory responses are likewise deficient and fail to provide meaningful information.

**Interrogatory No. 6:** This interrogatory requested Hezeshi describe its design-around attempts, including the design and specifications, when such attempts began, persons involved, and most importantly, the claim elements that are not present in Hezeshi's products. In response, Hezeshi merely stated that it "contends the Products-At-Issue do not include any elements required by the claims of the '103 Patent and do not incorporate the patented design as alleged by Shibumi." Hezeshi attempted to justify its lack of response by stating it "will further articulate its non-infringement positions through the appropriate claim construction/contentions/expert processes in this case."

This response is insufficient. Controlling authority provides that contention interrogatories seeking a party's infringement and non-infringement positions should be responded to during fact discovery such that each party may flesh out and test their positions. *See Fellowes, Inc. v. Aurora Corp. of Am.*, No. 07 CV 7237, 2009 WL 1097063, at *1-2 (N.D. Ill. Apr. 1, 2009). Hezeshi cannot hide behind future expert proceedings to avoid its present obligation to articulate its non-infringement contentions.

**Interrogatory No. 7:** This interrogatory requested that, if Hezeshi contends the Patent-in-Suit is invalid, Hezeshi identify "all facts/evidence/prior art, charts" evidencing its claim of invalidity. In response, Hezeshi only stated that its products are "a solution that has been used for centuries and is widely available in the marketplace."

This response is inadequate. Hezeshi has not identified a single piece of prior art or evidence of prior sale that would serve as prior art to the Patent-in-Suit. Nor has Hezeshi provided a claim chart showing how any purported prior art practices each claim element of the Patent-in-

7

Suit. *See* L.P.R. 2.1(b). Vague and conclusory assertions about "centuries-old" solutions (Ex. D at 6) do not satisfy Hezeshi's discovery obligations. *Gamon Plus, Inc. v. Campbell's Co.*, 764 F. Supp. 3d 690, 698 (N.D. Ill. 2025) (explaining conclusory and undetailed contention responses are not sufficient under the local rules).

> D. **Hezeshi's Conduct Demonstrates a Pattern of Discovery Abuse**

Hezeshi's failure to respond to Shibumi's February 18, 2026 deficiency letter is part of a broader pattern of discovery abuse and delay. Hezeshi failed to serve its required Rule 26 disclosures on the deadline set by the Court, failed to respond to Shibumi's first set of written discovery within the required timelines, and only served its responses after the Court ordered it to do so. Dkt. 35. Additionally, despite having been served with a notice of deposition of Hezeshi's corporate witness on December 19, 2025, Hezeshi delayed in scheduling the deposition and ultimately claimed it would not put forth a corporate witness in this jurisdiction despite having filed its case here. Dkt. 38 ¶ 5; Dkt. 43 at 1; Dkt. 48 at 2.

This pattern of delay and non-participation demonstrates that Hezeshi has no intention of prosecuting its own case and instead filed this Action merely to avoid meaningfully responding to Shibumi's Amazon APEX complaint.

> E. **Shibumi is Entitled to its Expenses in Bringing This Motion**

Under Federal Rule of Civil Procedure 37(a)(5), if a motion to compel is granted, the Court must require the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion, including attorneys' fees, unless the opposing party's nondisclosure was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A).

Here, Hezeshi's conduct is not substantially justified. Shibumi provided Hezeshi with detailed notice of the deficiencies in its discovery responses and a reasonable deadline for

8

supplementation. Hezeshi failed to respond entirely. Under these circumstances, an award of reasonable attorneys' fees and costs is appropriate. *See Lorillard Tobacco Co. v. Elston Self Serv. Wholesale Groceries, Inc.*, 259 F.R.D. 323, 328 (N.D. Ill. 2009) (awarding attorneys fees after granting a motion to compel because "the record evinces strong scents of noncompliance and evasive conduct"). Indeed, this Court has awarded attorney's fees where the court had to order the party to properly engage in and respond to discovery, as the Court has had to do here. *Hirsch v. Will Cnty.*, No. 19 CV 7398, 2023 WL 6809609, at *5 (N.D. Ill. Oct. 15, 2023).

Additionally, Shibumi reserves the right to seek relief under Rule 37(c) to exclude any expert testimony attempting to prove non-infringement and invalidity during summary judgment or at trial based on Hezeshi's failure to meaningfully respond to Interrogatory Nos. 6 and 7. Shibumi further reserves it's right to seek relief under Rule 41(b) to dismiss Hezeshi's claims with prejudice for failure to prosecute.

**V.    CONCLUSION**

For these reasons, Shibumi respectfully requests that the Court enter an Order:

1. Compelling Hezeshi to immediately produce all documents responsive to Shibumi's Requests for Production, including but not limited to documents responsive to Request Nos. 4, 5, 6, 11, 12, 18, 23, 24, 25, 26, 27, and 34;

2. Compelling Hezeshi to produce a privilege log identifying all documents withheld on the basis of privilege;

3. Compelling Hezeshi to produce a sample product for inspection as required under Request No. 34;

4. Compelling Hezeshi to supplement its interrogatory responses, including but not limited to its responses to Interrogatory Nos. 6 and 7 with substantive responses;

5. Awarding Shibumi its reasonable attorneys' fees and costs incurred in bringing this Motion; and

6. Granting such other and further relief as this Court deems just and appropriate.

| | |
|---|---|
| Dated: March 13, 2026 | Respectfully submitted, |
| | By: */s/ Preston H. Heard* |
| | Preston H. Heard (*pro hac vice*)<br>Georgia Bar No. 476319<br>WOMBLE BOND DICKINSON (US) LLP<br>1331 Spring Street, NW, Suite 1400<br>Atlanta, GA 30309<br>Telephone: (404) 888-7366<br>Email: Preston.Heard@wbd-us.com |
| | *Attorney for Defendant Shibumi Shade, Inc.* |

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 37.2., Counsel for Defendant met and conferred with Counsel for Plaintiff via teleconference on March 11, 2026, in an attempt to resolve the issues contained in this motion. The Parties were unable to resolve their differences regarding the issues identified herein.

By: <u>/s/ Preston H. Heard</u>