# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HEZESHI BINGYU XINXI KEJI YOUXIAN GONGSI., <br><br> Plaintiff, <br><br> v. <br><br> SHIBUMI SHADE, INC., <br><br> Defendant. | No: 1:25-cv-04276 <br><br> Honorable Franklin U. Valderrama <br><br> Magistrate Judge Daniel P. McLaughlin |

**SHIBUMI SHADE, INC'S FIRST SET OF REQUESTS
FOR PRODUCTION TO HEZESHI BINGYU KEJI YOUXIAN GONGSI (NOS. 1-40)**

Plaintiff Shibumi Shade, Inc. ("Shibumi") by and through its undersigned counsel, hereby requests that Plaintiff Hezeshi Bingyu Xinxi Keji Youxian Gongsi ("Plaintiff" or "Hezeshi") respond to the following First Set of Requests for Production in accordance with the definitions and instructions set forth below, within thirty (30) days from the date of service.

**DEFINITIONS**

A. "Hezeshi Bingyu Xinxi Keji Youxian Gongsi," "Hezeshi," "Plaintiff," "you," and "your" mean and refer to the Plaintiff Hezeshi Bingyu Xinxi Keji Youxian Gongsi, and all of its agencies, divisions, departments, nominees, affiliated entities and units, including subsidiaries, instrumentalities, subdivisions, predecessors, successors and assignees of any of them, administrators, officers, directors, employees, agents, representatives, consultants, special assistants, joint ventures, contractors, and attorneys of any of them; and any persons who at any time acted by, through, or on behalf of any of them.

B. "Shibumi" and "Defendant" means and refers to Shibumi Shade, Inc.

1

C. "Litigation" as used herein means and refers to the case *Hezeshi Bingyu Xinxi Keji Youxian Gongsi v. Shibumi Shade, Inc.*, Civil Action No. 1:25-cv-04276 (NDIL).

D. "'103 Patent" as used herein means and refers to U.S. Patent No. 11,255,103 entitled "Shading System and Method of Use," issued on February 22, 2022, including the application leading thereto.

E. "Patent-in-Suit" as used herein means and refers to the '103 Patent.

F. "Products-At-Issue" as used herein means and refers to Amazon ASINs: B0DZ2G45WL, B0DZ2HRBX5, B0DZ2LSC7Q, B0DZ2JL14Y, B0DZ2JD4KR, B0DZ2H9H53, B0DZ2J5CPH, B0DZ2FVFXR, B0DZ2F8GQF, B0DZ2FM48M, and B0DZ2J7WNM, as well as the "Alycaso Sun Shade," the "Alycaso Sun Shade Blue Tint Shark," the "Alycaso Sun Shade Regatta Manta Rays," the "Alycaso Sun Shade Regatta Jellyfish," the "Alycaso Sun Shade Regatta Manta Big Rays," and the "Alycaso Sun Shade Burnt Coral Squid" listed on www.alycaso.com.

G. The term "person" or "persons" includes any individual, firm, partnership, association, joint venture, corporation, governmental agency, other entity, or combination of any of the above.

H. As used herein, the singular form of a noun or pronoun includes within its meaning the plural form of a noun or pronoun, and vice versa; the use of the masculine form of a pronoun includes within its meaning the feminine form of the pronoun, and vice versa; the use of the tense of any verb includes all other tenses of the verb so used; and the use of "and" includes "or" and vice versa.

I. The phrases "concerning," "referring to," "relating to," "refer or relate to," "referring or relating to" and "reflecting" shall mean all information, facts, or documents that directly, indirectly, or in any other way support, refute, negate, bear upon, touch upon, incorporate,

affect, include, pertain to, explain, discuss, describe, analyze, deal with, and/or are otherwise connected with the subject matter about which a request for production is being propounded.

  J. As used herein, the term "facts" shall have its ordinary meaning and also shall mean related opinions, related contentions, and the application of law to fact.

### INSTRUCTIONS

  A. With respect to each document or thing which is withheld, whether under claim of privilege or otherwise either in whole or in part, provide the following information:

    i. the date, identity and general subject matter of the document or thing, and the grounds asserted in support of the failure to produce the document or thing;

    ii. the identity of each person (other than stenographic or clerical assistants) participating in the preparation of the document or thing;

    iii. the identity of each person to whom the contents of the document or thing was communicated orally, by copy, by distribution, reading or substantial summarization;

    iv. a description of any document or other material transmitted with or attached to the document or thing; and

    v. the number of pages in the document.

  B. With respect to each document or thing which has been lost, discarded, or destroyed, or has been removed from your possession, custody or control since its preparation or receipt, identify the document or thing; state when the document or thing was last in your possession, custody, or control; state the particular request(s) to which it would otherwise be responsive; set forth in detail the circumstances of the loss, destruction or transfer from your

3

possession thereof, including when the document or thing was last in your possession, custody or control, why the document or thing was transferred or destroyed, who authorized and/or had knowledge of the transfer or destruction; and identify all persons having knowledge of the contents of the document or thing.

  C. You are to provide full and complete responses to the following requests after conducting a diligent and thorough investigation into all information within your possession, custody, or control.

  D. Each request shall be answered fully unless it is in good faith objected to, in which case the reasons for your objections shall be stated in detail, as well as with sufficient factual specificity to provide the necessary foundational support for any asserted objection. If any objection pertains to only a portion of a request or to a word, phrase, or clause contained in it, you are required to state their objection to that portion only and to respond to the remainder of the request, using best efforts to do so.

  E. You are to quote each request in full immediately preceding the statement of any answer, response, or objection thereto.

  F. If a particular request or part thereof cannot be answered, you shall answer to the extent possible, specify the reasons for the inability to answer the remainder thereof, and identify any documents or individuals that might provide the information sought. If no documents are responsive to a particular request, you shall state that no responsive documents exist.

  G. Where an identified document is not in your possession, custody, or control, state the names of the persons who have possession, custody, or control of such document. If such document was in your possession, custody or control, state what disposition was made of it, when

it was disposed of, the reasons for such disposition, identify any persons having any knowledge of such disposition, and identify the persons responsible for such disposition.

      H.     All documents requested are to be produced in the same file or other organizational environment in which they are maintained. For example, a document that is part of a file, docket, or other grouping, should be produced together with all other documents from said file, docket, or grouping, in the same order and manner of arrangement as the original. A document that is stapled, clipped, or otherwise bound shall be produced together.

      I.     If you find the meaning of any term in these requests unclear, you shall assume a reasonable meaning, state what the assumed meaning is, and respond to the requests according to that meaning.

      J.     Electronically stored information as contemplated by Federal Rule of Civil Procedure 34 refers to all computer or electronically stored or generated data and information and shall include all attachments to and enclosures with any requested item, to which they are attached or with which they are enclosed, and all drafts thereof. Electronically stored information includes information stored in any format and on any storage media, whether fixed, portable, or removable. Shibumi Shade specifically requests that all electronically stored information be produced in accordance with the Federal Rules of Civil Procedure and any agreement regarding the production of electronically stored information entered by the Parties or ordered by the Court

      K.     The requests shall be deemed continuing so as to require you to provide modified or supplemental answers if you obtain or discover additional documents or things after the time of your response in accordance with the requirements of Rule 26(e) of the Federal Rules of Civil Procedure.

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

All documents and communications referring or relating to Plaintiffs' claim that you do not infringe the Patent-in-Suit, including without limitation, internal and external communications.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:**

All documents that you may allege to be prior art to the Patent-in-Suit. For each prior art reference that is not in English, produce a certified English translation of the entire document.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:**

All documents you reference, review, or rely upon in preparing your responses to any interrogatory or request for admission in this Litigation.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:**

All documents and things referencing or concerning Shibumi, Shibumi's patents, or Shibumi's products, including but not limited to all of your internal communications, communications between you and any third-party referring or relating to Shibumi or Shibumi's patents or products.

**RESPONSE:**

6

**REQUEST FOR PRODUCTION NO. 5:**

All documents, communications, and things concerning or referencing the Patent-in-Suit, including but not limited to all documents and communications relating to the date on which you first became aware of the Patent-in-Suit, including the applications leading thereto.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:**

All documents and communications referring or relating to any investigation, study, comparison or analysis of the Patent-in-Suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:**

All documents and communications referring or relating to any investigation or analysis undertaken by you to determine whether the Products-At-Issue infringe any claim of the Patent-in-Suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:**

All documents and communications referring or relating to any contention that the Patent-in-Suit is invalid or unenforceable.

**RESPONSE:**

7

**REQUEST FOR PRODUCTION NO. 9:**

All communications relating to this Litigation, including but not limited to internal communications between your employees and communications between you and any third-parties or customers.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:**

All documents and communications referring or relating to any comparison between the Products-At-Issue and the Shibumi Shade (or any of Shibumi's products), including but not limited to internal communications between your employees and communications between you and any third-parties or customers.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:**

Documents sufficient to show design and component details of all versions of the Products-At-Issue that have been manufactured, sold, or offered for sale, from initial conception to final adopted design.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:**

All documents referring or relating to all modifications or revisions to the Products-At-Issue, from initial conception to final adopted design, including without limitation documents referring or relating to when and why such changes were designed and implemented.

8

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:**

All technical documents relating to the Products-At-Issue, including but not limited to any testing data, schematics, specifications, representations, layouts, designs, renderings, models, sketches, or other drawings of the Products-At-Issue.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:**

All documents and things concerning any research, development, design, redesign, testing, surveys, reports, approval, decision to manufacture, construction, manufacture, or use of the Products-At-Issue, including without limitation all documents and communications referring or relating to customer satisfaction, reviews, or critiques.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:**

Documents and things sufficient to indicate the identity of any persons involved in the approval or conduct of any research, design, development, redesign, testing, approval, decision to manufacture, manufacturing, marketing, sale, or offers for sale of the Products-At-Issue.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:**

All documents and things concerning any of your attempts or contemplated attempts to design around the '103 Patent.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17:**

All documents and communications referring or relating to any agreements, licenses, assignments, or contracts concerning the Products-At-Issue.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18:**

All documents and things concerning communications between you and your customers, prospective customers, or distributors, or any agents thereof, concerning the purchase, sale, or use of the Products-At-Issue.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19:**

All documents concerning any analysis of the market, customers, competitors, or industry for the Products-At-Issue.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20:**

All business plans, projections, forecasts, and budgets referring or relating to the Products-At-Issue.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21:**

All documents and things referring or relating to the marketing plans, advertising, or sales strategies for the Products-At-Issue.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22:**

All documents and communications referring or relating to sales presentations, meetings, conferences, demonstrations, trade shows, or markets concerning the Products-At-Issue.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23:**

Documents sufficient to identify any and all suppliers, purchasers, sellers, manufacturers, importers, distributors, and marketers of components for the Products-At-Issue.

**RESPONSE:**

11

**REQUEST FOR PRODUCTION NO. 24:**

Documents, communications, and agreements which identify the quantities of the Products-At-Issue manufactured, purchased, imported, or otherwise obtained by or on behalf of you.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 25:**

Documents sufficient to show the monthly and yearly profit and loss statements, schedules, reports, income statements, balance sheets, and other economic, financial or accounting documents, including without limitation, all standard cost reports, product line financial statements or other documents which set forth or identify material, labor, overhead, and fixed or variable costs, revenues and profits associated with manufacturing and sales of the Products-At-Issue.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 26:**

Documents sufficient to show how you allocate fixed, variable and semi-variable costs to the Products-At-Issue.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 27:**

Documents sufficient to show: (a) the number of Products-At-Issue sold by month and year; and (b) the gross and net profits attributable to such sales, providing at least fixed costs, variable costs, and revenues associated with the sales of the Products-At-Issue by month and year.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 28:**

All documents and communications referring or relating to your ownership of any intellectual property rights in the Products-At-Issue, including without limitation all communications with customers, vendors, distributors, manufacturers, and purchasers of the Products-At-Issue.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 29:**

Copies of all patent, technology or related licenses or assignments you have relating to sun shade systems or intellectual property covering same.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 30:**

All documents referring or relating to any of your licensing policies and practices concerning the Products-At-Issue, including without limitation any intellectual property rights associated therewith.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 31:**

Documents sufficient to show the corporate structure of Plaintiff.

**RESPONSE:**

13

**REQUEST FOR PRODUCTION NO. 32:**

Documents sufficient to show your document retention or destruction policy or policies.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 33:**

Copies of all documents and materials that are discoverable under Rule 26 of the Federal Rules of Civil Procedure relating to any expert reports or testimony you may rely upon in this Litigation.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 34:**

Produce for inspection a complete and operational sample of all current and former versions of the Products-At-Issue.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 35:**

All documents and communications that relate to, support, contradict, undermine, or disprove Plaintiff's claims, including, but not limited to, those set forth in Plaintiff's Complaint.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 36:**

All documents and communications referring or relating to all bases for alleged damages arising from the alleged tortious interference of Plaintiff's contract with Amazon.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 37:**

All documents and communications between Plaintiff and Amazon regarding the Products-At-Issue.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 38:**

All documents and communications relating to Plaintiff's allegations in paragraph 36 that "Defendant knew of Plaintiff's business and contractual relationship with Amazon."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 39:**

All documents and communications relating to Plaintiff's allegations in paragraph 38 that "Defendant's conduct directly and proximately caused disruption of Plaintiff's relationship and contract with Amazon."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 40:**

All documents and communications relating to Plaintiff's allegations in paragraph 40 that "Defendant's accusations were false and were made maliciously and with ill will."

**RESPONSE:**


Dated: September 22, 2025                    Respectfully submitted,


                                             By: */s/ Preston H. Heard*

                                             Preston H. Heard
                                             Georgia Bar No. 476319
                                             WOMBLE BOND DICKINSON (US) LLP
                                             1331 Spring Street, NW, Suite 1400
                                             Atlanta, GA 30309
                                             Telephone: (404) 888-7366
                                             Email: Preston.Heard@wbd-us.com

                                             *Attorney for Defendant Shibumi Shade, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that true and correct copies of the foregoing were served on September 22, 2025, on counsel of record via the United States Postal Service and electronic mail.

*/s/ Preston H. Heard*
Preston H. Heard