# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HEZESHI BINGYU XINXI KEJI YOUXIAN GONGSI., <br><br> Plaintiff, <br><br> v. <br><br> SHIBUMI SHADE, INC., <br><br> Defendant. | No: 1:25-cv-04276 <br><br> Honorable Franklin U. Valderrama <br><br> Magistrate Judge Daniel P. McLaughlin |

**SHIBUMI SHADE, INC'S FIRST SET OF
INTERROGATORIES TO HEZESHI BINGYU KEJI YOUXIAN GONGSI (NOS. 1-13)**

Defendant Shibumi Shade, Inc. ("Shibumi") by and through its undersigned counsel, hereby requests that Plaintiff Hezeshi Bingyu Xinxi Keji Youxian Gongsi ("Plaintiff" or "Hezeshi") respond to the following Fist Set of Interrogatories in accordance with the definitions and instructions set forth below, within thirty (30) days from the date of service.

**DEFINITIONS**

A.  "Hezeshi Bingyu Xinxi Keji Youxian Gongsi," "Hezeshi," "Plaintiff," "you," and "your" mean and refer to the Plaintiff Hezeshi Bingyu Xinxi Keji Youxian Gongsi, and all of its agencies, divisions, departments, nominees, affiliated entities and units, including subsidiaries, instrumentalities, subdivisions, predecessors, successors and assignees of any of them, administrators, officers, directors, employees, agents, representatives, consultants, special assistants, joint ventures, contractors, and attorneys of any of them; and any persons who at any time acted by, through, or on behalf of any of them.

B.  "Shibumi" and "Defendant" means and refers to Shibumi Shade, Inc.

1

C. "Litigation" as used herein means and refers to the case *Hezeshi Bingyu Xinxi Keji Youxian Gongsi v. Shibumi Shade, Inc.*, Civil Action No. 1:25-cv-04276 (NDIL).

D. "'103 Patent" as used herein means and refers to U.S. Patent No. 11,255,103 entitled "Shading System and Method of Use," issued on February 22, 2022, including the application leading thereto.

E. "Patent-in-Suit" as used herein means and refers to the '103 Patent.

F. "Products-At-Issue" as used herein means and refers to Amazon ASINs: B0DZ2G45WL, B0DZ2HRBX5, B0DZ2LSC7Q, B0DZ2JL14Y, B0DZ2JD4KR, B0DZ2H9H53, B0DZ2J5CPH, B0DZ2FVFXR, B0DZ2F8GQF, B0DZ2FM48M, and B0DZ2J7WNM, as well as the "Alycaso Sun Shade," the "Alycaso Sun Shade Blue Tint Shark," the "Alycaso Sun Shade Regatta Manta Rays," the "Alycaso Sun Shade Regatta Jellyfish," the "Alycaso Sun Shade Regatta Manta Big Rays," and the "Alycaso Sun Shade Burnt Coral Squid" listed on www.alycaso.com..

G. The term "person" or "persons" includes any individual, firm, partnership, association, joint venture, corporation, governmental agency, other entity, or combination of any of the above.

H. As used herein, the singular form of a noun or pronoun includes within its meaning the plural form of a noun or pronoun, and vice versa; the use of the masculine form of a pronoun includes within its meaning the feminine form of the pronoun, and vice versa; the use of the tense of any verb includes all other tenses of the verb so used; and the use of "and" includes "or" and vice versa.

I. The phrases "concerning," "referring to," "relating to," "refer or relate to," "referring or relating to" and "reflecting" shall mean all information, facts, or documents that directly, indirectly, or in any other way support, refute, negate, bear upon, touch upon, incorporate,

2

affect, include, pertain to, explain, discuss, describe, analyze, deal with, and/or are otherwise connected with the subject matter about which a request for production is being propounded.

  J. As used herein, the term "facts" shall have its ordinary meaning and also shall mean related opinions, related contentions, and the application of law to fact.

## **INSTRUCTIONS**

  A. To the extent an interrogatory demands that you state and describe in detail and with particularity, the response should include a description of all evidentiary facts presently known to you or that are inferred by you from the existence of other evidentiary and/or ultimate facts.

  B. When referring to an individual, "identify" and "identity" mean to state the individual's (a) full name; (b) present or last known residence address and telephone number; (c) present or last known business address and telephone number; (d) present or last known employer and the employer's business address and telephone number; and (e) each office, position, status or capacity held by that individual during the relevant time period.

  C. When referring to an entity other than an individual, "identify" and "identity" mean to state (a) the person's or entity's complete name, principal business address, and telephone number; and (b) the nature of the entity (e.g., corporation, partnership, association).

  D. When referring to documents, "identify" and "identity" mean to state the (a) type of document (e.g., letter, electronic mail); (b) contents of the document; (c) date and title of the document (if any); (d) length of the document (in pages); (e) present location of the original and each copy of the document; (f) identity of each custodian of the original and each copy of the document; and (g) identity of each author, addressee and recipient of the original and each copy of the document.

E.    When referring to an oral communication, "identify" means to state (a) the best recollection of the precise words spoken; (b) the subject matter of the oral communication; (c) the date and location of the oral communication; (d) the identity of the parties present at and/or participating in the oral communication; (e) the means of communication (e.g., face-to-face, telephone); and (f) the identity of any documents concerning the oral communication.

F.    If you object to any part of an interrogatory and refuse to answer that part, specifically state your objection and answer the remaining portion of that interrogatory. If you object to the scope or time period of an interrogatory and refuse to answer for that scope or time period, state your objections and answer the interrogatory for the scope or time period you believe is appropriate (including in your answer a specific statement as to why you believe the scope or time period is inappropriate).

G.    If any of the following interrogatories cannot be answered in full after exercising due diligence to secure the information, please so state and answer to the extent possible, specifying your inability to answer the remainder and stating whatever information you have concerning the unanswered portions. If your answer is qualified in any particular manner, set forth the details of such qualification.

H.    If you elect to specify and produce business records in an answer to any interrogatory pursuant to Rule 33(d), FED. R. CIV. P., identify such business records in sufficient detail to enable the interrogating party to locate and identify the business records from which the answer may be ascertained.

I.    For every objection to an interrogatory on the grounds of privilege, answer the interrogatory with such non-privileged information as is responsive, and then provide the following information: the identity of all person(s) having knowledge of the responsive and

4

allegedly privileged and/or protected information, the general subject matter concerning the knowledge that each person identified possesses, and the basis for the claim of privilege and/or protection under the work product doctrine. To the extent that responsive information is embodied or contained in documents and/or communications, for each document or communication that you claim to be privileged or protected from disclosure by the work product doctrine:

      i. the name of the person who authored the document and/or made the communication, the names of the persons that received or were intended to receive the document and/or who were present when the communication was made, and, where not apparent, the relationship of any such persons present to the person authoring the document and/or making the communication;

      ii. the date and place the document was authored and/or the communication was made;

      iii. the general subject matter of the document and/or communication or the nature of the information withheld as privileged; and

      iv. the basis for your claim of privilege or protection from disclosure by the work product doctrine.

J. These interrogatories are continuing so as to require you to provide modified or supplemental answers if you obtain additional information or documents after the time of your response.

# INTERROGATORIES

**INTERROGATORY NO. 1:**

With respect the Products-At-Issue, provide the following information: (a) the product name or identification number (e.g., SKU, model or version number) used by you at sales and accounting levels; (b) the number of each Product-At-Issue sold by month and year; (c) the price of each Product-At-Issue sold; and (d) the gross and net profits attributable to any such sales, providing at least your fixed costs, variable costs, and revenues associated with the sales of the Products-At-Issue by month and year; and (e) the identity of the customer by name, address, and telephone number that purchased each unit of the Products-At-Issue.

**RESPONSE:**

**INTERROGATORY NO. 2:**

Identify each version of the Products-At-Issue separately by release, brand name, marketing name, internal name, part number, model year, model number, design number, and any other identifying means, that is, has been, or is intended to be designed, manufactured, advertised, or sold by Plaintiff, and state the date that the Products-At-Issue were first manufactured, distributed, sold, or offered for sale in the United States, or imported into the United States.

**RESPONSE:**

**INTERROGATORY NO. 3:**

State how and when you first became aware of the '103 Patent, identify your employee(s) or agent(s) who first became aware of the '103 Patent, describe in detail any action taken by you

as a result of becoming aware of the '103 Patent, and identify all documents that evidence, refer, or relate to such awareness or actions.

**RESPONSE:**

**INTERROGATORY NO. 4:**

State with specificity and detail how and when you first developed the Products-At-Issue, from initial conception to final adopted design, including the identification of anyone involved in the design and development of the Products-At-Issue and what each person's role was with respect to the design and development of the Products-At-Issue.

**RESPONSE:**

**INTERROGATORY NO. 5:**

State when and where the Products-At-Issue have been manufactured, sold, offered for sale, imported, and publicly displayed in the United States, identifying all people with knowledge of such manufacture, sale, offer for sale, importation and public display, and describe what knowledge each such person has.

**RESPONSE:**

**INTERROGATORY NO. 6:**

Describe with specificity and detail any attempts by Plaintiff to design around the '103 Patent. Your description should include at least the following information: (a) the design and specifications of any purported design-around; (b) when you began manufacturing, using, selling, or offering to sell the purported design-around; (c) the identification of anyone involved in the

7

design and development of the purported design-around; (d) what each person's role was with respect to the design and development of the purported design-around; and (e) what elements of the claims of the '103 Patent you contend are not present in the purported design-around.

**RESPONSE:**

**INTERROGATORY NO. 7:**

To the extent you contend that the '103 Patent is invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112, identify with specificity and detail all facts, evidence, documents, and things that you believe support your contention, including at least the following information: (a) identification with particularity of each item of prior art that allegedly invalidates each claim; (b) for each item of prior art, a detailed statement of whether it allegedly anticipates or renders obvious each asserted claim, and if a combination of items of prior art allegedly makes a claim obvious, identification of each such combination and the reasons to combine such items; (c) a chart identifying where specifically in each alleged item of prior art each element of each claim if found, including for each element that you contend is governed by 35 U.S.C. § 112(f), a description of the claimed function of that element and the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function; (d) a detailed statement of any grounds of invalidity based on indefiniteness under 35 U.S.C. § 112(b), enablement or written description under 35 U.S.C. § 112(a), or any other basis; and (e) a detailed statement of any grounds of invalidity based for your contention that a claim is invalid as non-statutory/patent ineligible under 35 U.S.C. § 101.

**RESPONSE:**

**INTERROGATORY NO. 8:**

Identify with specificity any Intellectual Property owned or licensed by Defendant covering the Products-At-Issue.

**RESPONSE:**

**INTERROGATORY NO. 9:**

Identify all facts which support your contention that Shibumi tortiously and wrongfully interfered with Plaintiff's contract with Amazon, including but not limited to how the interference impacted Plaintiff's contractual relationship with Amazon.

**RESPONSE:**

**INTERROGATORY NO. 10:**

Identify (a) all damages or amounts you seek in this lawsuit, itemizing and stating specifically the amounts of such damages sought, the nature of the damages, the cause of action under which you seek such damages, the particular cause of the damages, any customers or accounts you believe you have lost to Shibumi causing such damages, the method of calculating or determining such damages, and (b) the person(s) who is/are most knowledgeable with respect to the damages incurred and calculation of such damages.

**RESPONSE:**

**INTERROGATORY NO. 11:**

Identify all facts which support your contention that "Defendant's accusations were false and were made maliciously and with ill will," as stated in paragraph 40 of Plaintiff's complaint.

9

**RESPONSE:**

**INTERROGATORY NO. 12:**

Identify all facts which support your contention that the "value of the suspended listings exceed $150,000," as stated in paragraph 42 of Plaintiff's complaint.

**RESPONSE:**

**INTERROGATORY NO. 13:**

Identify all persons providing information used to formulate answers to interrogatories, document requests and requests for admission served on you in this Litigation, specifying each interrogatory answer, document request response and request for admission response to which each such person contributed and the information provided by each such person. This interrogatory calls not only for the identity of the person who is providing the information to your counsel, but also asks for the identity of all persons from whom information was gathered to answer the aforementioned discovery requests.

**RESPONSE:**

Dated: September 22, 2025

Respectfully submitted,

By: */s/ Preston H. Heard*
Preston H. Heard
Georgia Bar No. 476319
WOMBLE BOND DICKINSON (US) LLP
1331 Spring Street, NW, Suite 1400
Atlanta, GA 30309
Telephone: (404) 888-7366
Email: Preston.Heard@wbd-us.com

*Attorney for Defendant Shibumi Shade, Inc.*

10

## **CERTIFICATE OF SERVICE**

      I hereby certify that true and correct copies of the foregoing were served on September 22, 2025, on counsel of record via the United States Postal Service and electronic mail.

                                          */s/ Preston H. Heard*
                                          Preston H. Heard