# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| HEZESHI BINGYU XINXI KEJI YOUXIAN GONGSI., <br><br> Plaintiff, <br><br> v. <br><br> SHIBUMI SHADE, INC., <br><br> Defendants. | Case No. 1:25-cv-04276 <br><br> **Honorable Franklin U. Valderrama** <br><br> **Magistrate Daniel P. McLaughlin** |

## PLAINTIFF HEZESHI BINGYU XINXI KEJI YOUXIAN GONGSI.'S RESPONSES AND OBJECTIONS TO SHIBUMI'S FIRST SET OF REQUESTS FOR PRODUCTION

Plaintiff Hezeshi Bingyu Xinxi Keji Youxian Gongsi ("Plaintiff" or "Hezeshi"), by and through undersigned counsel, hereby responds to Defendant Shibumi Shade, Inc.'s ("Shibumi") First Set of Requests for Production (Nos. 1–40) as follows. These responses are made pursuant to Fed. R. Civ. P. 26 and 34 and are based upon information reasonably available to Plaintiff at this time. Plaintiff will supplement as required by Rule 26(e).,

### I. General Objections

1. Plaintiff objects to each Request to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, or any other applicable privilege or immunity. Any inadvertent production of privileged material is not a waiver.

2. Plaintiff objects to each Request to the extent it is overbroad, unduly burdensome, disproportionate to the needs of the case, not relevant to any party's claim or defense, or seeks discovery beyond the scope permitted by Fed. R. Civ. P. 26(b)(1).

3. Plaintiff objects to each Request to the extent it seeks documents not in Plaintiff's possession, custody, or control.

4. Plaintiff objects to each Request to the extent it seeks confidential, proprietary, competitively sensitive, or private information, including supplier identities, pricing, costs, margins, and customer information. Plaintiff will produce responsive non-privileged documents subject to an appropriate protective order or confidentiality designation.

5. Plaintiff objects to each Request to the extent it seeks "all documents and communications" without reasonable limitation as to time, custodian, or subject matter.

6. Plaintiff objects to any Request to the extent it seeks documents containing third-party personal data (including end-customer addresses/phone numbers). For Amazon marketplace transactions, Plaintiff does not possess end-customer address/telephone information as Amazon does not provide that information to Plaintiff in the ordinary course.

7. Plaintiff objects to any Request that purports to require "certified English translations" as a condition of production. Plaintiff will meet and confer regarding reasonable translation needs and proportionality.

8. Plaintiff objects to any Request seeking "documents sufficient to show" to the extent it is vague; subject to and without waiving this objection, Plaintiff will produce documents it believes are sufficient to address the request.

9.  Plaintiff objects to any Request seeking expert materials to the extent it seeks draft reports, attorney-expert communications, or materials protected under Fed. R. Civ. P. 26(a)(2) and 26(b)(4). Expert disclosures will be made per the Court's schedule.

10.     Plaintiff's production, if any, is made without waiving objections and without conceding relevance or admissibility.

Subject to and without waiving these objections, Plaintiff responds as follows.


**RESPONSES TO REQUEST FOR PRODUCTION**

**I.  REQUEST FOR PRODUCTION NO. 1**

**Request:** All documents and communications referring or relating to Plaintiffs' claim that you do not infringe the Patent-in-Suit, including without limitation, internal and external communications.

**Response:** Plaintiff objects as overbroad, unduly burdensome, and seeking privileged/work product material. Subject to and without waiving these objections, Plaintiff has produce non-privileged documents sufficient to reflect Plaintiff's non-infringement position, including product materials and Plaintiff's patent and other materials in the Exhibits.

**II. REQUEST FOR PRODUCTION NO. 2**

**Request:** All documents that you may allege to be prior art to the Patent-in-Suit. For each prior art reference that is not in English, produce a certified English translation of the entire document.

**Response:** Plaintiff objects to the extent the request seeks "certified" translations and is disproportionate at this stage. Subject to and without waiving these objections, Plaintiff will produce non-privileged documents that Plaintiff contends constitute prior art or are otherwise

3

relevant to any invalidity contentions, if any, located after a reasonable search, and will meet and confer regarding any reasonable translation needs.

### III.      REQUEST FOR PRODUCTION NO. 3

**Request:** All documents you reference, review, or rely upon in preparing your responses to any interrogatory or request for admission in this Litigation.

**Response:** Plaintiff objects as overbroad and to the extent it seeks attorney work product. Subject to and without waiving these objections, Plaintiff will produce non-privileged documents gathered and relied upon by Plaintiff (as opposed to counsel's mental impressions) in preparing discovery responses, to the extent not otherwise produced.

### IV.      REQUEST FOR PRODUCTION NO. 4

**Request:** All documents and things referencing or concerning Shibumi, Shibumi's patents, or Shibumi's products

**Response:** Plaintiff objects as overbroad and disproportionate. Subject to and without waiving these objections, Plaintiff will produce non-privileged responsive documents, if any.

### V. REQUEST FOR PRODUCTION NO. 5

**Request:** All documents…concerning or referencing the Patent-in-Suit…including…date on which you first became aware

**Response:** Subject to the General Objections, Plaintiff will produce non-privileged responsive documents reflecting when and how Plaintiff first became aware of the '103 Patent (currently understood to be around 2024), including any non-privileged USPTO search records or internal notes located after a reasonable search.

### VI.      REQUEST FOR PRODUCTION NO. 6

**Request:** All documents…relating to any investigation, study, comparison or analysis of the Patent-in-Suit.

**Response:** Plaintiff objects to the extent it seeks privileged/work product analyses. Subject to and without waiving these objections, Plaintiff will produce non-privileged responsive documents, if any, located after a reasonable search.

### VII.      REQUEST FOR PRODUCTION NO. 7

**Request:** All documents…analysis…to determine whether the Products-At-Issue infringe…

**Response:** Plaintiff objects to the extent it seeks privileged/work product material. Subject to and without waiving these objections, Plaintiff has produced non-privileged documents, if any, sufficient to reflect Plaintiff's investigation apart from privileged communications.

### VIII.      REQUEST FOR PRODUCTION NO. 8

**Request:** All documents…contention that the Patent-in-Suit is invalid or unenforceable.

**Response:** Plaintiff objects to this Request as overbroad and to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or other applicable protections. Subject to and without waiving these objections, after a reasonable search and inquiry, Plaintiff is not presently aware of any non-privileged documents in its possession, custody, or control that are responsive to this Request. Plaintiff will supplement its response in accordance with Fed. R. Civ. P. 26(e) and any applicable scheduling order, including service of invalidity and/or unenforceability contentions if required.

### IX.      REQUEST FOR PRODUCTION NO. 9

**Request:** All communications relating to this Litigation…internal…third-parties or customers.

**Response:** Plaintiff objects as overbroad, seeking privileged/work product material, and disproportionate. Subject to and without waiving these objections, Plaintiff will produce non-privileged communications with third parties regarding the dispute, if any (excluding counsel communications and privileged internal communications).

### X. REQUEST FOR PRODUCTION NO. 10

**Request:** All documents…comparison between the Products-At-Issue and the Shibumi Shade…

**Response:** Subject to the General Objections, Plaintiff will produce non-privileged responsive documents, Plaintiff's counsel has sent an email briefly comparison between Products-At-Issue and Plaintiff's patent and goods.

### XI.       REQUEST FOR PRODUCTION NO. 11

**Request:** Documents sufficient to show design and component details of all versions…from initial conception to final adopted design.

**Response:** Subject to the General Objections, Plaintiff has produced non-privileged documents sufficient to show design and component details of the Product-at-Issue in Exhibits.

### XII.      REQUEST FOR PRODUCTION NO. 12

**Request:** All documents…modifications or revisions…including when and why such changes were designed and implemented.

**Response:** Plaintiff objects to this Request to the extent it seeks "all" documents and is unduly burdensome, disproportionate, and seeks information not relevant to any party's claim or defense. Plaintiff further objects to the extent the Request seeks information protected by the attorney-client privilege, the work-product doctrine, or other applicable protections. Subject to and without waiving these objections, after a reasonable search and inquiry, Plaintiff will

supplement in accordance with Fed. R. Civ. P. 26(e) if additional responsive information is later identified.

### XIII.     REQUEST FOR PRODUCTION NO. 13

**Request:** All technical documents…testing data, schematics, specifications…drawings…

**Response:** Subject to the General Objections, Plaintiff has produced non-privileged technical documents reasonably available, including specifications and design drawings, and any testing/field validation materials if maintained in Exhibits.

### XIV.     REQUEST FOR PRODUCTION NO. 14

**Request:** All documents…research, development, design, redesign,

testing…including…customer satisfaction, reviews, or critiques.

**Response:** Plaintiff objects as overbroad and disproportionate. Subject to and without waiving these objections, Plaintiff has produce non-privileged documents sufficient to reflect research/design/development in the Exhibits.

### XV.     REQUEST FOR PRODUCTION NO. 15

**Request:** Documents sufficient to indicate identity of any persons involved in…research, design…manufacturing, marketing, sale…

**Response:** Subject to the General Objections, Plaintiff has disclosed key personnel involved (including product manager/design/operations roles) in initial disclosures.

### XVI.     REQUEST FOR PRODUCTION NO. 16

**Request:** All documents…attempts…to design around the '103 Patent.

**Response:** Subject to and without waiving these objections, after a reasonable search and inquiry, Plaintiff is not aware of any non-privileged documents responsive to this Request concerning

attempts to design around the '103 Patent, and therefore Plaintiff has no such documents to produce at this time.

## XVII.    REQUEST FOR PRODUCTION NO. 17

**Request:** All documents…agreements, licenses, assignments, or contracts concerning the Products-At-Issue.

**Response:** Plaintiff objects to this Request to the extent it seeks disclosure of confidential business information (including supplier relationships and commercial terms) absent an appropriate protective order. Plaintiff further objects to the extent the Request seeks information protected by the attorney-client privilege, the work-product doctrine, or other applicable protections. Subject to and without waiving these objections, after a reasonable search and inquiry, Plaintiff is not aware of any non-privileged agreements, licenses, assignments, or contracts concerning the Products-At-Issue that are within Plaintiff's possession, custody, or control. Accordingly, Plaintiff has no such documents to produce at this time.

## XVIII.    REQUEST FOR PRODUCTION NO. 18

**Request:** All documents…communications between you and your customers…distributors…concerning purchase, sale, or use…

**Response:** Plaintiff objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case. Plaintiff further objects to the extent the Request seeks disclosure of confidential and proprietary commercial information (including customer/distributor identities, pricing, discounting, margin, sales strategy, channel strategy, and other competitively sensitive business communications) ("commercial privilege") absent an appropriate protective order. Plaintiff also objects to the extent the Request seeks end-customer personal data that Plaintiff does not possess for Amazon sales and/or that implicates privacy interests of third parties. Plaintiff

further objects to the extent the Request seeks information protected by the attorney-client privilege, work-product doctrine, or other applicable protections.

### XIX.      REQUEST FOR PRODUCTION NO. 19

**Request:** All documents concerning any analysis of the market, customers, competitors, or industry…

**Response:** Plaintiff objects as overbroad and disproportionate. Subject to and without waiving these objections, Plaintiff will produce non-privileged market research documents, if any, that Plaintiff may rely upon.

### XX.      REQUEST FOR PRODUCTION NO. 20

**Request:** All business plans, projections, forecasts, and budgets…

**Response:** Plaintiff objects as overbroad, disproportionate, and seeking confidential commercial information. Subject to and without waiving these objections, Plaintiff will produce non-privileged responsive documents, if any, that Plaintiff may rely upon to support damages or other claims, subject to a protective order.

### XXI.      REQUEST FOR PRODUCTION NO. 21

**Request:** All documents…marketing plans, advertising, or sales strategies…

**Response:** Subject to the General Objections, Plaintiff will produce non-privileged documents sufficient to show marketing/advertising/sales strategy for the Products-at-Issue (e.g., Amazon advertising dashboards/exports), subject to a protective order.

### XXII.      REQUEST FOR PRODUCTION NO. 22

**Request:** All documents…sales presentations, meetings, conferences, demonstrations, trade shows…

**Response:** Plaintiff objects as overbroad. Subject to and without waiving these objections,

Plaintiff will produce non-privileged responsive documents, if any, located after a reasonable search.

### XXIII.    REQUEST FOR PRODUCTION NO. 23

**Request:** Documents sufficient to identify suppliers, purchasers, sellers, manufacturers, importers, distributors, marketers of components

**Response:** Plaintiff objects to the extent it seeks confidential supplier information absent a protective order. Subject to and without waiving these objections, Plaintiff will produce non-privileged documents sufficient to identify relevant suppliers/manufacturers/import logistics entities for the Products-at-Issue, subject to a protective order.

### XXIV.    REQUEST FOR PRODUCTION NO. 24

**Request:** Documents…identify quantities…manufactured, purchased, imported, or otherwise obtained…

**Response:** Subject to the General Objections, Plaintiff will produce non-privileged documents sufficient to show quantities obtained/imported (e.g., purchase orders, shipment records, or inventory summaries) to the extent maintained, subject to a protective order.

### XXV.    REQUEST FOR PRODUCTION NO. 25

**Request:** Documents sufficient to show monthly/yearly profit and loss…costs…revenues and profits…

**Response:** Plaintiff objects as overbroad, disproportionate, and seeking highly confidential financial information. Subject to and without waiving these objections, Plaintiff will produce non-privileged documents sufficient to show sales, revenues, and high-level cost/profit information for the Products-at-Issue (including business reports and summaries), subject to a protective order, and will meet and confer regarding any additional granularity sought.

10

### XXVI.     REQUEST FOR PRODUCTION NO. 26

**Request:** Documents sufficient to show how you allocate fixed, variable and semi-variable costs…

**Response:** Plaintiff objects as overbroad, disproportionate, and not proportional at this stage. Subject to and without waiving these objections, Plaintiff will produce non-privileged responsive documents, if any, reflecting allocation methodology to the extent such formal documents exist.

### XXVII.     REQUEST FOR PRODUCTION NO. 27

**Request:** Documents sufficient to show: (a) number sold by month/year; and (b) gross and net profits…with fixed costs, variable costs, revenues…

**Response:** Subject to the General Objections, Plaintiff will produce non-privileged documents sufficient to show monthly/yearly units sold and revenues for the Products-at-Issue (e.g., Amazon business reports). To the extent Plaintiff relies on profit figures, Plaintiff will produce supporting summaries or reports subject to a protective order.

### XXVIII.  REQUEST FOR PRODUCTION NO. 28

**Request:** All documents…ownership of any IP rights in the Products-At-Issue…communications with customers, vendors…

**Response:** Plaintiff objects as overbroad and disproportionate. Subject to and without waiving these objections, Plaintiff will produce non-privileged responsive documents, if any, sufficient to identify any IP rights Plaintiff claims in the Products-at-Issue.

### XXIX.     REQUEST FOR PRODUCTION NO. 29

**Request:** Copies of all patent/technology licenses or assignments…relating to sun shade systems…

**Response:** Subject to the General Objections, Plaintiff has produce non-privileged responsive documents in Exhibits.

### XXX. REQUEST FOR PRODUCTION NO. 30

**Request:** All documents…licensing policies and practices…concerning the Products-At-Issue.

**Response:** Plaintiff objects as overbroad and disproportionate. Subject to and without waiving these objections, Plaintiff will produce non-privileged responsive documents, if any, to the extent Plaintiff has licensing policies/practices relating to the Products-at-Issue.

### XXXI. REQUEST FOR PRODUCTION NO. 31

**Request:** Documents sufficient to show the corporate structure of Plaintiff.

**Response:** Subject to the General Objections, Plaintiff will produce non-privileged documents sufficient to show corporate structure (e.g., business registration documents and/or organization chart).

### XXXII. REQUEST FOR PRODUCTION NO. 32

**Request:** Documents sufficient to show your document retention or destruction policy or policies.

**Response:** Plaintiff objects to the extent it seeks internal governance materials not relevant to any claim/defense and disproportionate absent a spoliation issue. Subject to and without waiving these objections, Plaintiff will produce non-privileged responsive documents, if any, that reflect formal retention policies to the extent such policies exist.

### XXXIII. REQUEST FOR PRODUCTION NO. 33

**Request:** Copies of all documents and materials…relating to any expert reports or testimony…

**Response:** Plaintiff objects as premature and to the extent it seeks protected expert materials. Plaintiff will produce expert reports and discoverable expert materials in accordance with Fed. R. Civ. P. 26(a)(2) and the Court's schedule.

### XXXIV.   REQUEST FOR PRODUCTION NO. 34

**Request:** Produce for inspection a complete and operational sample of all current and former versions of the Products-At-Issue.

**Response:** Subject to the General Objections, Plaintiff will make available for inspection and/or produce a representative operational sample of the Products-at-Issue currently sold, and will meet and confer regarding availability of any prior versions, if any, and logistics for inspection/shipping.

### XXXV.   REQUEST FOR PRODUCTION NO. 35

**Request:** All documents…that relate to, support, contradict, undermine, or disprove Plaintiff's claims…

**Response:** Plaintiff objects as vague, overbroad, unduly burdensome, and seeking privileged/work product material. Subject to and without waiving these objections, Plaintiff will produce non-privileged documents upon which it may rely to support its claims.

### XXXVI.   REQUEST FOR PRODUCTION NO. 36

**Request:** All documents…bases for alleged damages arising from alleged tortious interference…with Amazon.

**Response:** Subject to the General Objections, Plaintiff will produce non-privileged documents, if any, that Plaintiff may rely upon to support damages allegedly caused by Shibumi's APEX/patent neutral evaluation initiation, including Amazon communications and business reports reflecting impacts, to the extent maintained.

13

### XXXVII. REQUEST FOR PRODUCTION NO. 37

**Request:** All documents and communications between Plaintiff and Amazon regarding the Products-At-Issue.

**Response:** Plaintiff objects as overbroad and disproportionate to the extent it seeks all communications without limitation. Subject to and without waiving these objections, Plaintiff will produce non-privileged communications with Amazon concerning APEX/patent neutral evaluation, listing status, and issues materially related to the claims in this litigation.

### XXXVIII. REQUEST FOR PRODUCTION NO. 38

**Request:** All documents…relating to allegation that "Defendant knew of Plaintiff's business and contractual relationship with Amazon."

**Response:** Subject to the General Objections, Plaintiff will produce non-privileged responsive documents, if any, located after a reasonable search.

### XXXIX. REQUEST FOR PRODUCTION NO. 39

**Request:** All documents…relating to allegation that "Defendant's conduct…caused disruption…"

**Response:** Subject to the General Objections, Plaintiff will produce non-privileged documents reflecting the claimed disruption and its effects (e.g., Amazon notices and internal records of business adjustments), to the extent maintained.

### XL. REQUEST FOR PRODUCTION NO. 40

**Request:** All documents…relating to allegation that "Defendant's accusations were false…maliciously…"

**Response:** Plaintiff objects to the extent it calls for subjective intent evidence and is overbroad. Subject to and without waiving these objections, Plaintiff will produce non-privileged documents,

if any, that Plaintiff may rely upon to support its allegations, including documents reflecting Plaintiff's non-infringement position and Shibumi's APEX-related submissions/communications that become available in discovery.

Plaintiff will supplement if additional response is necessary.

Date: _____12/16/2025_____

By: _/s/ *Ruixin Lu*_____.
Ruixin Lu, Esq.
ray@zhhlaw.com
Zhonghao Law Firm, LLP
260 Madison Avenue, 8th Fl,
New York, NY 10016
Telephone: (631) 268-5788
Facsimile: (919)398-8696

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served on December 16, 2025, by email upon all counsel of record at their respective email addresses on file in this matter.

.

/s/ *Ruixin Lu*
Ruixin Lu