# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HEZESHI BINGYU XINXI KEJI YOUXIAN GONGSI., <br><br> Plaintiff, <br><br> v. <br><br> SHIBUMI SHADE, INC., <br><br> Defendants. | Case No. 1:25-cv-04276 <br><br> **Honorable Franklin U. Valderrama** <br><br> **Magistrate Daniel P. McLaughlin** |

# PLAINTIFF HEZESHI BINGYU XINXI KEJI YOUXIAN GONGSI.'S RESPONSES AND OBJECTIONS TO SHIBUMI'S FIRST SET OF INTERROGATORIES

Plaintiff Hezeshi Bingyu Xinxi Keji Youxian Gongsi ("Plaintiff" or "Hezeshi"), by and through undersigned counsel, serves the following Responses and Objections to Defendant Shibumi Shade, Inc.'s ("Shibumi") First Set of Interrogatories (Nos. 1–13). These responses are based on information reasonably available at this time. Plaintiff reserves the right to supplement under Fed. R. Civ. P. 26(e),

**I. General Objections**

1. Plaintiff objects to each Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, or any other applicable privilege or immunity. Any inadvertent disclosure of privileged information shall not constitute a waiver.

2. Plaintiff objects to each Interrogatory to the extent it is vague, ambiguous, overbroad, unduly burdensome, or not proportional to the needs of the case, and to the extent it seeks information not relevant to any party's claim or defense under Fed. R. Civ. P. 26(b)(1).

3. Plaintiff objects to each Interrogatory to the extent it calls for legal conclusions, expert opinions, or contentions not yet appropriate at this stage, including issues that will be addressed through expert discovery and/or claim construction.

4. Plaintiff objects to each Interrogatory to the extent it seeks confidential, proprietary, or commercially sensitive information (including supplier, pricing, cost, and margin information) absent a protective order. Plaintiff will provide responsive information subject to confidentiality protections.

5. Plaintiff objects to each Interrogatory to the extent it seeks information not within Plaintiff's possession, custody, or control, or information that Plaintiff cannot obtain after a reasonable inquiry.

6. Plaintiff objects to Interrogatory No. 1(e) to the extent it seeks end-customer names, addresses, and telephone numbers for Amazon marketplace transactions. Plaintiff does not possess such end-customer address/telephone information for Amazon orders in the ordinary course, consistent with Amazon policies.

Subject to and without waiving these objections, Plaintiff responds as follows.

**INTERROGATORY NO. 1**

**Interrogatory:** With respect the Products-At-Issue, provide: (a) product name/ID; (b) number sold by month/year; (c) price; (d) gross/net profits with fixed/variable costs and revenues by month/year; (e) identity of each customer by name/address/phone.

**Response:** Subject to the General Objections, Plaintiff responds:

(a) Plaintiff uses the following product names/identifiers at the sales/accounting level: "ALYCASO shade canopy" and "ALYCASO shade canopy lite."

(b) Units sold (by month) currently available to Plaintiff are as follows:

| | Mar | April | May | June | July | Aug | Sept | Oct | Nov | Dec | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Canopy | 6 | 160 | 530 | 618 | 416 | 143 | 25 | 18 | 12 | 11 | 1939 |
| Canopy Lite | | | 6 | 87 | 189 | 124 | 63 | 9 | 8 | 7 | 5 | 498 |

2

(c) Prices: $159 (canopy) and $129 (canopy lite).

(d) Based on Plaintiff's current business records and estimates:

- Gross profit: canopy approximately -28%; canopy lite approximately -27%.

- Net profit: canopy approximately -31%; canopy lite approximately -30%.

- Fixed costs (including tooling/molds, development, photography, etc.): approximately $105,000 (aggregate).

- Variable costs (approx.): canopy $68/unit; canopy lite $55/unit.

- Total revenue (approx.): canopy $59,000; canopy lite $11,000.

Plaintiff will supplement and, to the extent required, provide supporting details through produced business records and/or Rule 33(d) identification.

(e) Plaintiff objects and responds that: (i) sales primarily occurred via Amazon; (ii) pursuant to Amazon policies and the manner in which Amazon provides order data to third-party sellers/retailers, Plaintiff does not possess end-customer addresses and telephone numbers for Amazon orders in the ordinary course. Plaintiff further states that Plaintiff's alycaso.com website had only a small number of orders; to the extent Plaintiff possesses customer contact details for those limited alycaso.com orders, Plaintiff will meet and confer regarding privacy protections and production of such information consistent with applicable law and any protective order.

**INTERROGATORY NO. 2**

**Interrogatory:** Identify each version of the Products-At-Issue… and state first manufactured/distributed/sold/offered/imported into U.S.

Response: Subject to the General Objections, Plaintiff responds:

Plaintiff's Products-At-Issue include ALYCASO shade canopy and ALYCASO shade canopy lite.

- ALYCASO shade canopy: first sold on March 27, 2025 (U.S., online via Amazon). Plaintiff understands the product was imported into the United States and delivered into Amazon fulfillment approximately one week before first sales.

- ALYCASO shade canopy lite: first sold on April 25, 2025 (U.S., online). Plaintiff

3

understands the product was imported into the United States and delivered into Amazon fulfillment approximately one week before first sales.

Plaintiff will supplement with additional version identifiers (e.g., internal version numbers) if and to the extent such identifiers exist in Plaintiff's records.

**INTERROGATORY NO. 3**

**Interrogatory:** State how/when first became aware of '103 Patent; identify employees/agents; actions taken; identify documents.

**Response:** Subject to the General Objections, Plaintiff responds:

Plaintiff first became aware of the '103 Patent in approximately October 2024 through USPTO patent searching conducted by Song Yinping and Xie Ning. After becoming aware, Plaintiff reviewed and studied the '103 Patent and also reviewed other related intellectual property (including design patents and trademarks) to evaluate Plaintiff's product. Plaintiff will produce non-privileged documents reflecting such awareness and review to the extent they exist (e.g., non-privileged USPTO search records, internal notes), and will supplement as appropriate.

**INTERROGATORY NO. 4**

**Interrogatory:** State with specificity how/when first developed Products-At-Issue from conception to final design; identify persons and roles.

**Response:** Subject to the General Objections, Plaintiff responds:

- January 2023: Xie Ning began concept development for a beach shade/canopy product arising from work on a traditional four-corner outdoor canopy concept.
- March 2024: Song Yinping began participating in the development together with Xie Ning.
- April–September 2024: prototypes/samples were created and field validation/testing was conducted.
- October 2024: additional market research was conducted.
- October 2024–February 2025: multiple revisions were made and the design was finalized.

Roles: Xie Ning served as the primary designer; Song Yinping served as product manager.

Plaintiff will supplement if additional individuals are identified.

### INTERROGATORY NO. 5

**Interrogatory:** State when/where Products-At-Issue manufactured/sold/offered/imported/publicly displayed in U.S.; identify people with knowledge and what they know.

**Response:** Subject to the General Objections, Plaintiff responds:

Sales/offers for sale in the U.S. occurred online through:

- Amazon: beginning March 27, 2025; and
- Alycaso.com: beginning April 25, 2025.

Plaintiff understands importation into the U.S. occurred in connection with shipment into Amazon fulfillment prior to initial sales dates (approximately one week prior).

People with knowledge include:

- Song Yinping (Product Manager): overall project history, timeline, and decisions concerning development and launch.
- Wang Kai (Operations): online sales operations, logistics/shipping arrangements, advertising/marketing execution, and fulfillment activities.

Plaintiff will supplement as appropriate as discovery proceeds.

### INTERROGATORY NO. 6

**Interrogatory:** Describe design-around attempts; include (a) design/specs; (b) when began; (c) persons; (d) roles; (e) claim elements not present.

**Response:** Subject to the General Objections, Plaintiff responds:

(a) Plaintiff's design and specifications are reflected in Plaintiff's design drawings and product documentation.
(b) Plaintiff began implementing design choices intended to avoid the '103 Patent during the design finalization period beginning approximately October 2024, continuing through manufacturing and sale.
(c) Individuals involved: Xie Ning and Song Yinping.

5

(d) Roles: Xie Ning (primary designer); Song Yinping (product manager).

(e) Plaintiff contends the Products-At-Issue do not include any elements required by the claims of the '103 Patent and do not incorporate the patented design as alleged by Shibumi. Plaintiff will further articulate its non-infringement positions through the appropriate claim construction/contentions/expert processes in this case and will supplement as appropriate.

**INTERROGATORY NO. 7**

**Interrogatory:** If contending invalidity under §§ 101/102/103/112, identify all facts/evidence/prior art, charts, etc.

**Response:** Plaintiff objects that this Interrogatory is premature, overly burdensome, and seeks detailed invalidity contentions, claim charts, and expert analysis not yet required at this stage and not proportional given the current posture. Subject to and without waiving these objections, Plaintiff responds:

Plaintiff's Products-At-Issue are based on a long-standing, widely used shade/covering concept—e.g., the use of one pole (flag-like support) or two poles supporting a piece of fabric to create shade—a solution that has been used for centuries and is widely available in the marketplace. Plaintiff disputes that the Products-At-Issue practice any asserted claim of the '103 Patent and therefore denies infringement.

To the extent Plaintiff contends the '103 Patent is invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112, Plaintiff has not yet completed its investigation and discovery necessary to identify all facts, evidence, specific prior art references, and any corresponding claim charts or analyses. Plaintiff will supplement this response as discovery proceeds and consistent with the Court's scheduling order (including any deadlines for invalidity contentions and expert disclosures), and pursuant to Fed. R. Civ. P. 26(e).

**INTERROGATORY NO. 8**

**Interrogatory:** Identify with specificity any IP owned or licensed by Defendant covering Products-At-Issue.

**Response:** Plaintiff objects to the extent this Interrogatory seeks speculation or information not within Plaintiff's possession, custody, or control. Subject to and without waiving these objections, Plaintiff responds:

Plaintiff is currently aware of Defendant's U.S. Patent No. 11,255,103 and understands Defendant may also possess related design patents and trademarks. Plaintiff will supplement if additional IP is identified.

**INTERROGATORY NO. 9**

**Interrogatory:** Identify all facts supporting tortious interference with Amazon contract, including impact.

**Response:** Subject to the General Objections, Plaintiff responds:

Plaintiff contends that shortly after Plaintiff began selling on Amazon, Shibumi initiated Amazon's patent neutral evaluation/APEX process concerning Plaintiff's products, which created substantial uncertainty during a critical product launch and sales period. Plaintiff contends this resulted in significant disruption to Plaintiff's business operations and required major adjustments to advertising, fulfillment/shipping planning, and pricing strategy.

**INTERROGATORY NO. 10**

**Interrogatory:** Identify (a) all damages/amounts sought (itemized, amounts, nature, cause of action, cause, lost customers/accounts, method); and (b) most knowledgeable persons.

**Response:** Subject to the General Objections, Plaintiff responds:

(a) Plaintiff seeks damages including, at minimum:

- Attorneys' fees and litigation-related costs: currently exceeding approximately $55,000, to the extent recoverable under applicable law.

- Business disruption damages caused by Shibumi's initiation of the Amazon patent neutral evaluation/APEX process, including impacts to advertising, shipping/fulfillment planning, and pricing adjustments. Plaintiff is not presently able to identify specific lost customers by name for Amazon transactions because Plaintiff does not possess end-customer address/telephone information for Amazon orders.

(b) Persons most knowledgeable: Song Yinping and Wang Kai.

**INTERROGATORY NO. 11**

**Interrogatory:** Identify facts supporting allegation that Defendant's accusations were false

and malicious.

**Response:** Subject to the General Objections, Plaintiff responds:

Plaintiff contends Shibumi's infringement accusations are false because Plaintiff's Products-At-Issue use a general/common shading approach and do not practice the claims of the '103 Patent. Plaintiff further contends Shibumi improperly used Amazon's patent neutral evaluation/APEX process to interfere with Plaintiff's sales at an early stage. Plaintiff will supplement with additional facts as discovery proceeds, including after obtaining Shibumi's and Amazon's records related to the APEX submission and communications.

**INTERROGATORY NO. 12**

**Interrogatory:** Identify facts supporting allegation that value of suspended listings exceeds $150,000.

**Response:** Subject to the General Objections, Plaintiff responds:

Plaintiff contends that due to uncertainty created by Shibumi's initiation of Amazon's patent neutral evaluation/APEX process, Plaintiff made major adjustments to advertising, pricing, and shipping/fulfillment strategy, and significant quantities of goods remained held at the factory. Plaintiff currently contends the value of factory-held inventory exceeded $150,000. Plaintiff further states that the products are currently available for sale on Amazon, but Plaintiff contends the disruption and required operational adjustments caused substantial losses.

**INTERROGATORY NO. 13**

**Interrogatory:** Identify all persons providing information used to formulate answers to interrogatories/RFPs/RFAs; specify which responses each contributed to and information provided.

**Response:** Subject to the General Objections, Plaintiff responds:

- Song Yinping (Product Manager): provided information concerning product development timeline, patent awareness (USPTO searching), and overall project background; contributed to Interrogatory responses 1–12.

- Xie Ning (Designer): provided information concerning product conception, design/development, revisions, and design drawings; contributed to Interrogatory responses 3–6

8

(and as applicable, 1–2, 12).

- Wang Kai (Operations): provided information concerning Amazon operations, sales/launch activities, logistics/shipping, and operational impacts; contributed to Interrogatory responses 1, 5, 9–10, 12.

Plaintiff will supplement if additional individuals are identified.

Date:    12/16/2025

By: /s/ *Ruixin Lu* .
Ruixin Lu, Esq.
ray@zhhlaw.com
Zhonghao Law Firm, LLP
260 Madison Avenue, 8th Fl,
New York, NY 10016
Telephone: (631) 268-5788
Facsimile: (919)398-8696

*Attorney for Plaintiff*

9

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served on December 16, 2025, by email upon all counsel of record at their respective email addresses on file in this matter.

.

/s/ *Ruixin Lu*
Ruixin Lu