# EXHIBIT E

womblebonddickinson.com



February 18, 2026

Ruixin Lu, Esq.
Zhonghao Law Frim, LLP
260 Madison Avenue, Floor 8
New York, NY 10016

*Via Email (Ray@zhhlaw.com)*

Re: *Hezeshi Bingyu Xinxi Keji Youxian Gongsi v. Shibumi Shade, Inc.*, Case No. 1:25-cv-04276 (NDIL)

Womble Bond Dickinson (US) LLP

1331 Spring Street, NW
Suite 1400
Atlanta, GA 30309

Preston H. Heard
Direct Dial: 404-888-7366
Direct Fax: 404-879-2966
E-mail: Preston.Heard@wbd-us.com

Counsel:

    We write regarding Plaintiff Hezeshi Bingyu Xinxi Keji Youxian Gongsi ("Hezeshi")'s significant failure to adequately participate in discovery in the above captioned Action. Despite continued attempts to engage Hezeshi in discovery in the Action ***that Hezeshi filed***, Hezeshi has intentionally delayed in responding to and serving discovery, has only produced four documents in over a year, and has not meaningfully responded to interrogatories. These issues should be remedied as soon as possible, and within the deadline set by the Court. Should Hezeshi continue to refuse to prosecute its own case, Shibumi Shade, Inc. ("Shibumi") will seek all appropriate remedies at court, including those provided under Federal Rules of Civil Procedure 37(c) and 41(b).

    Hezeshi filed this declaratory action in the Northern District of Illinois nearly a year ago. Though Shibumi noted it preferred to stay discovery pending the Court's decision on its motion to dismiss (*see* Dkt. 16), Hezeshi represented to the Court that it preferred for discovery to move forward. Dkt. 20. The Court ultimately allowed discovery to proceed and set the deadline to serve written discovery to November 21, 2025, and the close of fact discovery to January 9, 2026. *See* Dkt. 32.

    Despite the Court's directive that discovery should proceed, Hezeshi has failed to engage in discovery within the deadlines ***Hezeshi*** requested and failed to abide by the rules set forth in the Federal Rules of Civil Procedure. As noted in Shibumi's first discovery deficiency letter, Hezeshi failed to serve its required Rule 26 disclosures on the deadline set by the Court. *See* Dkt. 36. And Hezeshi failed to respond to Shibumi's first set of written discovery within either of the timelines set by the Federal Rules or by the agreed-to extension period. Dkt. 35, Dkt. 36. Ultimately, the Court had to order Hezeshi to serve its Rule 26 disclosures and serve its responses to Shibumi's by December 16, 2025. *Id.* Though Hezeshi served its responses on that date, Hezeshi's responses continue to be deficient.

    As to Hezeshi's document production, Hezeshi agreed to produce documents in response to 37 of Shibumi's 40 requests for production—including agreeing to produce a sample product of for inspection. However, Hezeshi has only produced four documents in this Action—which falls far beneath what should be produced in response to all of Shibumi's requests. For example, the following categories of documents are entirely missing from Hezeshi's production:

Womble Bond Dickinson (US) LLP is a member of Womble Bond Dickinson (International) Limited, which consists of independent and autonomous law firms providing services in the US, the UK, and elsewhere around the world. Each Womble Bond Dickinson entity is a separate legal entity and is not responsible for the acts or omissions of, nor can bind or obligate, another Womble Bond Dickinson entity. Womble Bond Dickinson (International) Limited does not practice law. Please see www.womblebonddickinson.com/us/legal-notice for further details.

Ruixin Lu, Esq.
February 18, 2026
Page 2



- Request Nos. 4 and 5: documents "referencing or concerning Shibumi, Shibumi's patents, or Shibumi's products" including "the Patent-in-Suit" and including date on which [Hezeshi] first became aware" of such patents.
- Request No. 6: documents "relating to any investigation, study, comparison or analysis of the Patent-in-Suit"
- Request Nos. 11 and 12: documents showing the "design and component details **of all versions** … **from initial conception to final adopted design**" and "modifications or revisions…including when and why such changes were designed and implemented"
- Request No. 18: documents and communications between you and your customers and/or distributors concerning the purchase, sale, or use of the Products-in-Suit.
- Request No. 23: documents sufficient to identify suppliers, purchasers, sellers, manufacturers, importers, distributors, marketers of components.
- Request Nos. 24-27 asking about documents sufficient to identify the quantities of the products manufactured, purchased, imported or sold by Hezeshi, and financial documents showing monthly and yearly profit and loss, costs, and revenues.
- Request No. 34: an inspection of every current and former version of the Products-in-Suit.

Hezeshi has also failed to provide a privilege log identifying any privileged material that has been withheld, and under what circumstances. Hezeshi's failure to produce documents in response to Shibumi's requests violates Rule 34—which requires documents to be produced in the timeline specified in the request and provided under the Rules. *Novelty, Inc. v. Mountain View Marketing, Inc.*, 265 F.R.D. 370, 376 (S.D. Ind. 2009) ("Rule 34 guarantees that the requesting party will receive, **concurrently with the response**, all documents reasonably available.") (emphasis added); *Ezike v. DHL/Airborne*, No. 04 C 4476, 2005 WL 8178944, at *1-2 (N.D. Ill. Mar. 2, 2005) (clarifying that documents must be served in the response time set forth under Rule 34, and a party may not wait until the close of fact discovery to comply). Plaintiff's paltry 4 document production is deficient and must immediately be supplemented by all requested and responsive documents.

Hezeshi's interrogatory responses are likewise deficient. For example, in response to Interrogatory No. 7, asking for "all facts/evidence/prior art, charts" evidencing Hezeshi's claim of invalidity, Hezeshi only responds that its products are "a solution that has been used for centuries and is widely available in the marketplace." However, Hezeshi has not identified a single piece of system art or evidence of prior sale that would serve as prior art to the patent-in-suit. Nor has Hezeshi provided a claim chart showing how any purported prior art practices each claim elements of the patent-in-suit. Additionally, in response to Interrogatory No. 6 seeking Hezeshi's position as to how its product—which it alleged is designed around the patent-in-suit—does not meet the claim elements, Hezeshi stated that it "contends the Products-At-Issue do not include any elements required by the claims of the '103 Patent and do not incorporate the patented design as alleged by Shibumi." Hezeshi attempts to justify its lack of response by saying it "will further articulate its non-infringement positions through the appropriate claim construction/contentions/expert processes in this case and will supplement as appropriate." But controlling circuit law provides that these contention interrogatories should be responded to during fact discovery such that each party may flesh out and test their infringement positions. *Fellowes, Inc. v. Auroroa Corp. of Am.*, 2009 WL 1097063 (N.D.Ill. Apr.1, 2009).

Ruixin Lu, Esq.
February 18, 2026
Page 3



      And despite having been served with a notice of deposition of Hezeshi's corporate witness on December 19, 2025, Hezeshi delayed in scheduling the deposition. Finally, Hezeshi claimed that it would not put forth a corporate witness in this jurisdiction despite availing itself of the forum and previously arguing it is the most convenient forum. Dkt. 43. Hezeshi's delay in providing discovery, and subsequent refusal to provide discovery in the jurisdiction where it filed for relief indicates that Hezeshi has no intention of prosecuting this action, but instead merely filed this Action to avoid meaningfully responding to Shibumi's Amazon APEX complaint.

      Hezeshi's own failure to timely propound discovery on Shibumi confirms its lack of intent to prosecution the above captioned Action. Hezeshi did not serve **any** discovery requests until after the expiration of the Court's deadline of November 21, 2025. However, because Hezeshi's requests were served after the deadline set by the Court (*see* Dkt. 32), Hezeshi needed to move to serve discovery out of time and show good cause for its failure to adhere to the discovery schedule. *See Shadle v. First Financial Bank, N.A*, 2009 WL 3787006, *1 (N.D.Ind. Nov. 10, 2009) ("[T]to demonstrate good cause, a party must show that despite its diligence, the time table could not reasonably have been met."). But it did not. Nor could Hezeshi show any reasoned basis why it **needed** to wait until after the Court deadline to serve any discovery whatsoever. Even when Hezeshi served its late discovery requests, Hezeshi has not attempted to depose any Shibumi witness or serve any third-party discovery in the action.

      Accordingly, Hezeshi's delay in serving discovery until after the Court deadline confirms that Hezeshi does not intend to prosecute its Action which it filed in this jurisdiction. Currently, discovery is set to close March 14, 2026. Dkt. 40. Shibumi respectfully requests that Hezeshi immediately begin producing all documents in its possession custody and control, and produce a privilege log of any material withheld by March 1, 2026 such that Shibumi has adequate time to seek relief from the Court for any improperly withheld material. Shibumi additionally requests Hezeshi serve supplemental interrogatory responses, including meaningful responses to Interrogatory Nos. 6 and 7 asking for the details of Shibumi's non-infringement and invalidity positions. Should Hezeshi fail to meaningfully respond to these Interrogatories, Shibumi will move to exclude, under Rule 37(c), any expert testimony attempting to prove non-infringement and invalidity during summary judgment or at trial. Moreover, Shibumi reserves its right to seek relief under Rule 41(b) to dismiss Hezeshi's claims with prejudice.

                                            Sincerely,

                                            Preston H. Heard

cc:      Counsel of record