## UNITED STATES DISTRICT COURT
### FOR THE Northern District of Illinois – CM/ECF NextGen 1.8 (rev. 1.8.5)
### Eastern Division

Hezeshi Bingyu Xinxi Keji

                Plaintiff,

v.

                                     Case No.: 1:25–cv–04276

                                     Honorable Franklin U. Valderrama

Shibumi Shade, Inc.

                Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Wednesday, May 13, 2026:

      MINUTE entry before the Honorable Daniel P. McLaughlin: Video motion hearing held 5/13/26. Based on Plaintiff's facially deficient document production (producing only four documents in total), and for other reasons discussed in open court, Defendant's Motion to Compel [54] is granted as follows: Plaintiff must produce ALL relevant, non–privileged documents responsive to Defendant's RFPs by 5/27/26; if Plaintiff is withholding any documents on the basis of privilege, Plaintiff must provide Defendant with a privilege log by 5/27/26; Plaintiff to provide sample products requested in RFP 34 by 6/3/26; Plaintiff must supplement its interrogatory responses by 5/27/26. In the course of its productions, if Plaintiff intends to object to any of Defendant's written discovery requests, those objections must be specific to the particular request at issue. Boilerplate objections about a request being generally overbroad or unduly burdensome will not be tolerated; Plaintiff must articulate why the specific request is overbroad or unduly burdensome. Belcastro v. United Airlines, Inc., 17C1682, 2019 WL 1651709, at *4 (N.D. Ill. Apr. 17, 2019) ("Objections to discovery that do not address the specific interrogatory or document request to which they are posed are tantamount to not making any objection at all."). Similarly, objections concerning the disclosure of confidential information that could be easily remedied by the application of a confidentiality order in this case will not be tolerated. Plaintiff is directed to file a verification that it has produced documents, provided a privilege log (if necessary), and supplemented its interrogatory responses by 5 PM (CST) on 5/27/26. If Plaintiff is unable to fully comply with the discovery due 5/27/26, Plaintiff must file a status report instead of a verification and articulate (a) what discovery has been produced, (b) what discovery remains, and (c) the reason for any outstanding discovery. The Motion&#0;39;s request for fees and costs is entered and continued; the Court will revisit that request following review of Plaintiff's 5/27/26 filing. Plaintiff is reminded that this is its own case, and Plaintiff is obligated to fully engage in the discovery process. Plaintiff may only refuse to give discovery to Defendant on the basis of a valid objection to a discovery request; Plaintiff may not simply decide that Defendant has received "enough" discovery from Plaintiff, and Plaintiff may not withhold discoverable, relevant information. Finally, the settlement conference set for 5/19/26 is stricken; the Court will revisit scheduling a settlement conference at a later date. Mailed notice(maf)

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.