**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| HEZESHI BINGYU XINXI KEJI,<br>Plaintiff,<br>v.<br>SHIBUMI SHADE, INC.,<br>Defendant. | Case No. 1:25-cv-04276<br>**Judge Franklin U. Valderrama**<br>**Magistrate Judge Daniel P. McLaughlin** |

**DEFENDANT'S STATUS REPORT**

Defendant Shibumi Shade, Inc. ("Shibumi"), hereby submits this Status Report pursuant to the Court's May 28, 2026, Minute Entry (Dkt. 69) regarding Plaintiff Hezeshi Bingyu Xinxi Keji's ("Hezeshi") compliance with the Court's May 13, 2026 Order (Dkt. 66). Shibumi states as follows:

1. Shibumi acknowledges that Hezeshi has resolved many of the deficiencies identified in Shibumi's Motion to Compel (Dkt. 54). However, Shibumi does not concur that Hezeshi has fully complied because several deficiencies remain unaddressed. Those deficiencies are as follows:

**A. Requests Relating to Awareness and Analysis of Shibumi, Its Products, and the Asserted Patent**

2. Request Nos. 4–6 seek documents referencing or concerning Shibumi, Shibumi's patents, or Shibumi's products, including the date on which Hezeshi first became aware of the Patent-in-Suit, and documents relating to any investigation, study, comparison, or analysis of the Patent-in-Suit.

3. In its most recent production preceding its Verification of Compliance (Dkt. 68), Hezeshi included a document titled "Supplemental Litigation Documents" which states that

documents responsive to these Requests were "already provided." They were not. Neither the original four produced documents nor Hezeshi's most recent production include documents showing when or how Hezeshi first became aware of the Patent-in-Suit, nor documents reflecting any investigation, study, or analysis of the Patent-in-Suit. Hezeshi's bare assertion that these documents were "already provided"—without identifying where in its production they appear—does not satisfy the Court's Order.

4. Hezeshi's Supplemental Discovery Responses served the following day confirm awareness of Shibumi's patents as early as October 2024 and that discussions regarding the scope of these patents occurred during the design of the accused products, but Hezeshi has not identified, produced, or claimed privilege over these communications.

**B. Request for Information Relating the Hezeshi's Partners**

5. Request No. 23 seeks documents sufficient to identify Hezeshi's suppliers, purchasers, sellers, manufacturers, importers, distributors, and marketers of components. In response, Hezeshi identified only a Chinese manufacturer and an importer. However, the product sample Hezeshi provided in response to Request No. 34 bears packaging stating the product was "Designed in Florida." Hezeshi has not identified any Florida-based entity or individual(s) involved in the design of the accused product.

6. This is significant because Hezeshi has previously represented to this Court that it is a "China-based entity" and has objected to producing a corporate witness for deposition in the United States on the grounds that international travel would constitute a substantial hardship. *See* Dkt. 38 ¶ 9. These two positions are mutually exclusive; either Hezeshi has not been forthcoming regarding the nature and location of its operations, or there is an unidentified Florida entity involved in the design of the accused product that Hezeshi has failed to disclose.

**C. Requested Relief**

7. Shibumi respectfully requests that the Court direct Hezeshi to promptly cure these remaining deficiencies. Additionally, Shibumi submits in further view of the "Designed in Florida" labelling, the Rule 30(b)(6) deposition of Hezeshi's corporate witness should promptly be scheduled for a location in the United States. *See* Dkt. 48. Shibumi does believe that Hezeshi has now produced sufficient documents to enable a meaningful corporate deposition, and thus it stands ready to conduct that necessary discovery.

Dated: June 3, 2026

Respectfully submitted,

*/s/ Preston H. Heard*

Preston H. Heard (*pro hac vice*)
Georgia Bar No. 476319
Christine H. Dupriest (*pro hac vice*)
Georgia Bar No. 874494
WOMBLE BOND DICKINSON (US) LLP
1331 Spring Street, NW, Suite 1400
Atlanta, GA 30309
Telephone: (404) 888-7366
Preston.Heard@wbd-us.com
Christine.Dupriest@wbd-us.com

*Attorneys for Defendant Shibumi Shade, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was electronically filed on June 3, 2026, with the Clerk of the Court using the CM/ECF system, which will automatically send an email notification of such filing to all registered attorneys of record.

/s/ *Preston H. Heard*
Preston H. Heard