IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| HEZESHI BINGYU XINXI KEJI,<br>Plaintiff, | )<br>)<br>)<br>) |  |
| v. | )<br>)<br>)<br>) | No. 25 C 4276 |
| SHIBUMI SHADE, INC.,<br>Defendant. | )<br>)<br>)<br>)<br>) | Magistrate Judge<br>Daniel P. McLaughlin |

## ORDER

For the following reasons, Plaintiff's Motion for Relief for Order to Allow Deposition by Videoconference [43] is denied.

Under Rule 30(b)(4), the Court has the discretion to order that a deposition be taken by "[t]elephone or other remote means." Fed. R. Civ. P. 30(b)(4). Plaintiff requests that this Court order that Plaintiff's Rule 30(b)(6) corporate deposition be conducted remotely because Plaintiff is a "[t]hree-person Amazon online-store team in China."[1] [43], p. 3. Plaintiff asserts that the cost of travel to the United States from China, necessity of obtaining a visa for the deponent's entry into the United States, and childcare obligations of the deponent make an in-person deposition in the United States a "[d]isproportionate expense and practical hardship." *Id.*

---

[1] The Court notes that it was recently informed by Defendant that new discovery received from Plaintiff states that the product at issue in this suit was "[d]esigned in Florida," which raises questions for the Court about the veracity of Plaintiff's assertion that its entire team is located in China. [70], p. 2.

However, in requesting that the Court order that the Rule 30(b)(6) deposition proceed remotely because of Plaintiff's location in China, Plaintiff neglected to inform the Court that "[i]t is undisputed that the law of China prohibits depositions – voluntary or compelled – for use in foreign courts within the borders of People's Republic of China without permission from Chinese authorities." *Inventus Power v. Shenzhen Ace Battery*, 339 F.R.D. 487, 500 (N.D. Ill. 2021); *Yan v. Zhou*, 18-CV-4673(GRB)(JMW), 2021 WL 4059478, at *3 (E.D.N.Y. Sept. 7, 2021); *Glam & Glitz Nail Design, Inc. v. iGel Beauty, LLC*, SACV2000088JVSDFMX, 2022 WL 17078947, at *3 (C.D. Cal. Sept. 30, 2022). Instead, it was Defendant who raised this issue with the Court for the first time in its response to the Motion. [48].

As such, Plaintiff's Motion is facially deficient. It was Plaintiff's responsibility to inform the Court of the nuances of the foreign law implicated by its request. The Court "[w]ill not fill th[e] void by crafting arguments and performing the necessary legal research on behalf of either side. This is not a preference; it is something courts are forbidden to do." *Art Akiane LLC. v. Art & Soulworks LLC*, 19C2952, 2020 WL 5593242, at *3 (N.D. Ill. Sept. 18, 2020). Similarly, Plaintiff's argument in reply that the Court can simply direct that the "Rule 30(b)(6) designee appear by videoconference from a jurisdiction where the parties can conduct the deposition without the asserted Mainland China restrictions" fails because the argument is raised for the first time in reply, consists of a mere six sentences, and is unsupported by any legal authority whatsoever. "Perfunctory and undeveloped arguments are

waived, as are arguments unsupported by legal authority." *M.G. Skinner & Assocs. Ins. Agency v. Norman-Spencer Agency, Inc.*, 845 F.3d 313, 321 (7th Cir. 2017).

In sum, because Plaintiff failed to inform the Court in its Motion of serious foreign law restrictions that impact the requested relief, the Motion is denied. *See Tsien v. Bd. of Regents of Univ. Sys. of Georgia*, CV 121-008, 2021 WL 6617307, at *2 (S.D. Ga. Nov. 12, 2021), *aff'd* ("Plaintiff [did not] inform the Court of this potential international issue or take steps to expedite the process by proactively applying for permission with the Chinese government ahead of briefing. This alone establishes sufficient prejudice to deny Plaintiff's motion."). Plaintiff is directed to present a Rule 30(b)(6) witness for deposition in the United States.

**SO ORDERED.**                          **ENTERED:**

**DATE:  June 10, 2026**

**HON. DANIEL McLAUGHLIN**
**United States Magistrate Judge**